No. 19-55882

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

---

RICHARD N. BELL,

Plaintiff-Appellant,

v.

WILMOTT STORAGE SERVICES, LLC,

Defendant-Appellee.

On Appeal from the United States District Court
for the Central District of California
No. 2:18-cv-07328-CBM-MRW
Hon. Consuelo B. Marshall, United States District Judge

---

## EXCERPTS OF RECORD
## VOLUME II OF II
### (Pages 10 to 125)

---

Ryan A. Hamilton, Esq.
HAMILTON LAW LLC
5125 S. Durango, Suite C
Las Vegas, Nevada 89113
(702) 818-1818
ryan@hamlegal.com

Gregory Keenan
DIGITAL JUSTICE FOUNDATION
81 Stewart Street
Floral Park, New York 11001
(516) 633-2633
gregory@digitaljusticefoundation.org

*Attorneys for Appellant Richard Bell*

# INDEX OF CONTENTS

## VOLUME I OF II
### (Pages 1 to 9)

| ECF | Description | Page |
|-----|-------------|------|
| 55 | [2019-07-01] Order Granting Summary Judgment | ER 1 |

## VOLUME II OF II
### (Pages 10 to 125)

| ECF | Description | Page |
|-----|-------------|------|
| 71 | [2019-09-12] Judgment | ER 10 |
| 60 | [2019-07-30] Notice of Appeal | ER 11 |
| 49-1 | [2019-05-14] Supplemental Supnik Declaration | ER 22 |
| 43-1 | [2019-04-26] Goeson Declaration | ER 28 |
| 43-2 | [2019-04-26] Tullo Declaration with Exhibits | ER 34 |
| 43-3 | [2019-04-26] Supnik Declaration with Exhibits | ER 43 |
| 42-1 | [2019-04-26] Excerpts of Wilmott Summary-Judgment Brief | ER 60 |
| 36 | [2019-03-15] First Amended Answer | ER 68 |
| 34 | [2019-03-12] First Amended Complaint | ER 79 |
| 29-1 | [2019-03-08] Exhibit A: Bell Declaration | ER 89 |
| 29-2 | [2019-03-08] Exhibit B: Copyrighted Photo | ER 95 |
| 29-3 | [2019-03-08] Exhibit C: Photo Licensing Records | ER 97 |

29-4    [2019-03-08] Exhibit D: Copyright Registration            ER 99

29-5    [2019-03-08] Exhibit E: Infringing Photograph             ER 101

29-6    [2019-03-08] Exhibit F: Index of Image Files              ER 103

29-7    [2019-03-08] Exhibit G: Demand Letter                     ER 105

29-8    [2019-03-08] Exhibit H: Infringing Photograph             ER 110

29-9    [2019-03-08] Exhibit I: VisitUSA Website                  ER 112

29-10   [2019-03-08] Exhibit J: Hamilton Declaration             ER 116

        [As of 2019-11-08] District Court Docket Sheet            ER 119

1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9                    **CENTRAL DISTRICT OF CALIFORNIA**
10

11   RICHARD N. BELL                     Case No.: CV 18-7328-CBM-MRW
12          Plaintiff,
                                          **JUDGMENT**
13   vs.
                                          JS6
14   WILMOTT STORAGE SERVICES,
     LLC and IADVANTAGE, LLC.
15          Defendants.
16

17          Consistent with the Order re Cross-Motions for Summary Judgment (Dkt.

18   No. 55), judgment is hereby entered in favor of Defendant Wilmott Storage

19   Services, LLC, and against Plaintiff Richard N. Bell.

20

21   DATED: September 12, 2019.

22
23                              CONSUELO B. MARSHALL
24                              UNITED STATES DISTRICT JUDGE
25
26
27
28

                                    1

| Name | Ryan A. Hamilton |
|---|---|
| Address | 5125 S. Durango, Suite C |
| City, State, Zip | Las Vegas, NV 89113 |
| Phone | 702-818-1818 |
| Fax | 702-974-1139 |
| E-Mail | ryan@hamlegal.com |

☐ FPD   ☐ Appointed   ☐ CJA   ☐ Pro Per   ☒ Retained

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| Richard N. Bell | CASE NUMBER: |
|---|---|
| PLAINTIFF(S), | 2:18-cv-07328-CBM (MRWx) |
| v. | |
| Wilmott Storage Services, LLC | **NOTICE OF APPEAL** |
| DEFENDANT(S). | |

NOTICE IS HEREBY GIVEN that _____ Richard N. Bell _____ hereby appeals to
*Name of Appellant*
the United States Court of Appeals for the Ninth Circuit from:

**Criminal Matter**

☐ Conviction only [F.R.Cr.P. 32(j)(1)(A)]
☐ Conviction and Sentence
☐ Sentence Only (18 U.S.C. 3742)
☐ Pursuant to F.R.Cr.P. 32(j)(2)
☐ Interlocutory Appeals
☐ Sentence imposed:

☐ Bail status:

**Civil Matter**

☐ Order (specify):

☒ Judgment (specify):
  Summary Judgment

☐ Other (specify):

Imposed or Filed on _____ July 1, 2019 _____ . Entered on the docket in this action on July 1, 2019 _____ .

A copy of said judgment or order is attached hereto.

07/30/2019 _____
Date

Signature
☐ Appellant/ProSe   ☒ Counsel for Appellant   ☐ Deputy Clerk

**Note:**   The Notice of Appeal shall contain the names of all parties to the judgment or order and the names and addresses of the attorneys for each party.  Also, if not electronically filed in a criminal case,  the Clerk shall be furnished a sufficient number of copies of the Notice of Appeal to permit prompt compliance with the service requirements of FRAP 3(d).

ER000011

## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT
### Form 1. Notice of Appeal from a Judgment or Order of a
### United States District Court

Name of U.S. District Court: | Central District of California - Western Division

U.S. District Court case number: | 2:18-cv-07328-CBM (MRWx)

Date case was first filed in U.S. District Court: | 08/21/2018

Date of judgment or order you are appealing: | 07/01/2019

Fee paid for appeal? *(appeal fees are paid at the U.S. District Court)*

⦿ Yes    ○ No    ○ IFP was granted by U.S. District Court

---

**List all Appellants** *(List **each** party filing the appeal. Do not use "et al." or other abbreviations.)*

Richard N. Bell

Is this a cross-appeal?  ○ Yes    ⦿ No

If Yes, what is the first appeal case number?

Was there a previous appeal in this case?    ○ Yes    ⦿ No

If Yes, what is the prior appeal case number?

Your mailing address:

5125 S. Durango, Suite C

City: | Las Vegas    State: | NV    Zip Code: | 89113

Prisoner Inmate or A Number (if applicable):

**Signature** | *[signature]* | **Date** | 07-30-2019

*Complete and file with the attached representation statement in the U.S. District Court*

Feedback or questions about this form? Email us at forms@ca9.uscourts.gov

---

**Form 1**                                        *Rev. 12/01/2018*

ER000012

1

2

3

4

5

6

7

8               **UNITED STATES DISTRICT COURT**

9               **CENTRAL DISTRICT OF CALIFORNIA**

10

11   RICHARD N. BELL                    Case No.: CV 18-7328-CBM-MRWx

12            Plaintiff,
                                        **ORDER RE: CROSS-MOTIONS**
13   vs.                                **FOR SUMMARY JUDGMENT**
                                        **[DKT. NOS. 29, 42]**
14   WILMOTT STORAGE SERVICES,
     LLC and IADVANTAGE, LLC.
15
              Defendants.
16

17        The matters before the Court are: (1) Plaintiff Richard N. Bell's ("Plaintiff")

18   Motion for Summary Judgment on Defendant Wilmott Storage Services, LLC's

19   Liability for Copyright Infringement (Dkt. No. 29); and (2) Defendant Wilmott

20   Storage Services, LLC's ("Wilmott") Motion for Summary Judgment (Dkt. No.

21   42).[1]

22                    **I.    BACKGROUND**

23        This lawsuit arises from Wilmott's alleged infringement of Plaintiff's

24   copyrighted photograph of the Indianapolis skyline ("Indianapolis Photograph").

25   (Dkt. No. 34, First Amended Complaint ("FAC") ¶ 8; Ex. B.)  Plaintiff, a

26

27   _____

28   [1] To date, Wilmott's co-defendant IAdvantage, LLC has neither answered
     Plaintiff's FAC nor joined Wilmott's Motion for Summary Judgment.

ER000013

professional photographer and retired attorney, took the Indianapolis Photograph in March of 2000.  (FAC ¶¶ 1, 8.)  On August 4, 2011, Plaintiff registered the Indianapolis Photograph with the United States Copyright Office.  (Bell Decl. ¶ 8.)  The United States Copyright Office issued Plaintiff a certificate of registration, Registration No. VA 1-785-115, with an effective date of registration of August 4, 2011 and the date of first publication of August 29, 2000.  (*Id.* ¶ 8, Ex. D.)  Thereafter, Plaintiff began licensing digital downloads of the Indianapolis Photograph through "Webshots" and his personal website.  (*Id.* ¶ 7, Ex. C.)

On April 5, 2018, using Google Images, Plaintiff discovered the Indianapolis Photograph on Wilmott's web server, accessible at the URL http://www.visitusa.com/images/states/alabama/cities/mobile/park.jpg.  (*Id.*, Ex. E.)  Plaintiff declares that Wilmott's website did not credit Plaintiff as the photographer or otherwise disclose the true source of the Indianapolis Photograph.  (*Id.* ¶ 11.)  Plaintiff further declares that the website necessarily implied that Wilmott owned the copyright in the Indianapolis Photograph by displaying the notice "Copyright © 2014 Visit USA. All Rights Reserved" on its site.  (*Id.*)  It is undisputed that Plaintiff never licensed or otherwise gave permission to Wilmott to use the Indianapolis Photograph.  (*Id.* ¶ 15.)

Upon discovering the unauthorized presence of the Indianapolis Photograph, Plaintiff viewed the index of images on Wilmott's server to determine how long it had been there.  (*Id.* ¶ 17.)  The index shows that a file titled "park_yyy.jpg," which Plaintiff declares is the same photograph (*id.* ¶ 18), was last modified on December 23, 2014, as were all other files in the same location (*id.* ¶ 19, Ex. F).  Thus, according to Plaintiff, Wilmott must have infringed his reproduction, distribution, and display rights in the Indianapolis Photograph as of December 23, 2014 by displaying the photograph on Wilmott's website.

According to Wilmott, there is no evidence that the Indianapolis Photograph appeared on a webpage of its website.  (Dkt. No. 37-2, Declaration of Jonathan

ER000014

Tullo ("Tullo Decl.") ¶¶ 5-10.)  Rather, Wilmott maintains that the evidence only shows that the photograph resided on its website server as a dormant ".jpg" file as of December 24, 2014.  (Dkt. No. 37-1, Declaration of Jeffrey Goeson ("Goeson Decl.") ¶¶ 7, 10.)  Wilmott explains that the only place where there was access to the Indianapolis Photograph was through the pinpoint URL, either http://www.visitusa.com/images/states/alabama/cities/mobile/park.jpg or http://www.visitusa.com/images/states/alabama/cities/mobile/park_yyy.jpg. (Goeson Decl. ¶¶ 8-11.)  Wilmott further explains that because Google never indexed the Indianapolis Photograph, the public could only access the image if they knew the exact pinpoint URLs above or if they already had a digital copy of the image upon conducting an image search.  (Tullo Decl. ¶¶ 6-10; Goeson Decl. ¶¶ 9-11.)

Although it is undisputed the Indianapolis Photograph resided on Wilmott's website server, Wilmott moves for summary judgment arguing that it cannot be held liable for copyright infringement as its use was *de minimis* as a matter of law. (Dkt. No. 47 at 9-12.)

## II.    LEGAL STANDARD

On a motion for summary judgment, the Court must determine whether, viewing the evidence in the light most favorable to the nonmoving party, there are any genuine issues of material fact.  *Simo v. Union of Needletrades, Indus. & Textile Employees*, 322 F.3d 602, 609-10 (9th Cir. 2003); Fed. R. Civ. P. 56. Summary judgment against a party is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56.  An issue is "genuine" only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A factual dispute is "material" only if it might affect the outcome

3

1  of the suit under governing law. *Id*. The evidence presented by the parties must be

2  admissible. Fed. R. Civ. P. 56(e). In judging evidence at the summary judgment

3  stage, the Court does not make credibility determinations or weigh conflicting

4  evidence. *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630

5  (9th Cir. 1987). Rather, "[t]he evidence of the nonmovant is to be believed, and

6  all justifiable inferences are to be drawn in [the nonmovant's] favor." *Anderson*,

7  477 U.S. at 255. But the non-moving party must come forward with more than

8  "the mere existence of a scintilla of evidence." *Id.* at 252. "Conclusory,

9  speculative testimony in affidavits and moving papers is insufficient to raise

10  genuine issues of fact and defeat summary judgment." *Soremekun v. Thrifty*

11  *Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007) (citations omitted).

12  ### III.    DISCUSSION

13  Wilmott does not dispute that the Indianapolis Photograph was copied onto

14  its webserver. Instead, Wilmott argues that there is no evidence that the

15  Indianapolis Photograph appeared on a webpage of its website, and thus, the mere

16  copying of the photograph to the server was *de minimis* and not actionable under

17  the Copyright Act.

18  The Ninth Circuit has explained the concept of *de minimis* copying under

19  the Copyright Act as follows: "For an unauthorized use of a copyrighted work to

20  be actionable, the use must be significant enough to constitute infringement.... This

21  means that even where the fact of copying is conceded, no legal consequences will

22  follow from that fact unless the copying is substantial." *Newton v. Diamond*, 388

23  F.3d 1189, 1192–1193 (9th Cir. 2004) (citing *Ringgold v. Black Entm't Television,*

24  *Inc*., 126 F.3d 70, 74-75 (2d Cir. 1997). A use is *de minimis* and therefore not

25  "substantial" enough to be actionable "only if it is so meager and fragmentary that

26  the average audience would not recognize the appropriation." *Newton*, 388 F.3d at

27  1193 (quoting *Fisher v. Dees*, 794 F.2d 432, 434 n.2 (9th Cir. 1986)). In making

28  this determination, courts must consider both the quantitative and qualitative

4

significance of the copied portion relative to the plaintiff's work as a whole. *Id*. at 1195.

Plaintiff argues that Wilmott's copying cannot be *de minimis* as a matter of law because Wilmott copied the entire Indianapolis Photograph onto its server and, thus, "there is no question that the average audience member[2] would recognize Wilmott's appropriation" of the photograph. (Dkt. No. 47 at 4-5.) However, the cases discussing *de minimis* use also focus on the substantial or insubstantial "use" of the copyrighted material. *See Newton*, 388 F.3d 1189, 1192–1193 ("For an unauthorized use of a copyrighted work to be actionable, the *use* must be significant enough to constitute infringement.") (emphasis added). Wilmott argues that the evidence only shows that the Indianapolis Photograph resided as a dormant ".jpg" file on its webserver and that there is no evidence that the photograph appeared on its website. As such, Wilmott contends that its "use" was so qualitatively insignificant that its infringement is not actionable.[3] In support, Wilmott relies primarily on the Second Circuit's decision in *Knickerbocker Toy Co. v. Azrak-Hamway Int'l, Inc.*, 668 F.2d 699, 703 (2d Cir. 1982).

In *Knickerbocker*, the plaintiff toy company sued its competitor for copyright infringement based on the use of a copyrighted photograph of plaintiff's toy car on a promotional "blister" card. *Id*. at 701. There, while the blister card featured copy related to defendant's product, it also featured the copyrighted

---

[2] It is unclear what "audience" Plaintiff is referring to by this assertion. Based on the evidence before the Court, Wilmott's only audience was the audience of its website, and there is no evidence that this audience would have seen any portion of Plaintiff's picture, let alone enough of the picture to recognize it.

[3] Indeed, given the undisputed evidence that Wilmott never knew the Photograph was on the webserver (Dkt. No. 37-2, Tullo Decl. ¶ 4), and its belief that the photograph must have existed on the server at the time Wilmott acquired it in 2012 (*id.* ¶ 8), to say that Wilmott "used" the Photograph at all seems to stretch the term "use" beyond its limits.

5

photograph of plaintiff's toy car. *Id*. at 702. The plaintiff only learned of the alleged infringement on the blister card through litigation discovery. *Id*. The defendant explained that the allegedly infringing blister card was "simply a sample which [defendant] had produced in order to position the artwork, and that a totally different illustration would be used for the production run of the card." *Id*. The district court dismissed plaintiff's copyright claim, finding that the blister card "was only an office copy which was never used." *Id*. The Second Circuit affirmed, holding that "the copyright claim with respect to the blister card falls squarely within the principle of *de minimis non curat lex*." *Id*. at 703.

The Court agrees with Wilmott that the Indianapolis Photograph merely existing as a dormant resource file on its webserver, without probative evidence that it was displayed on a webpage of its website, is analogous to the infringing blister card merely being used as an office copy in *Knickerbocker*.[4] The Court finds the distinction between a photograph appearing on a webpage and a photograph residing on a webserver to be significant. In *Perfect 10, Inc. v. Amazon.com, Inc*., the Ninth Circuit adopted the "server test," which provides that "a computer owner that stores an image as electronic information *and serves the electronic information directly to the user* … is displaying the electronic information in violation of a copyright holder's exclusive display right." 508 F.3d 1146, 1159 (9th Cir. 2007) (emphasis added).

While it is undisputed that Wilmott stored the Indianapolis Photograph on its webserver, there is no evidence that Wilmott communicated the photograph to any end user other than Plaintiff (but that communication was initiated by Plaintiff himself, who has the right to authorize display of the Photograph). Indeed, it is undisputed that Google never indexed the photograph (Goeson Decl. ¶ 4), and that

---

[4] Indeed, the alleged infringement in this case is even less substantial than in *Knickerbocker*, since Wilmott—having no idea the Photograph was on its server (Tullo Decl. ¶ 4)—did not even make *internal* use of the Photograph.

ER000018

1    members of the public could only locate the Indianapolis Photograph if (1) they

2    already had a digital copy of the photograph upon conducting an image search or

3    (2) they happened to type into their browsers the exact pinpoint URLs

4    http://www.visitusa.com/images/states/alabama/cities/mobile/park.jpg or

5    http://www.visitusa.com/images/states/alabama/cities/mobile/park_yyy.jpg.  (Tullo

6    Decl. ¶¶ 6-10; Goeson Decl. ¶¶ 8-11.)  Further, Wilmott's expert declares that the

7    "park_yyy.jpg" file was damaged, and therefore, would not have been used on a

8    webpage because it could not be viewable.  (Goeson Decl. ¶ 10.)  Plaintiff has not

9    provided any evidence that any member of the public saw the Indianapolis

10   Photograph on a webpage of Wilmott's website.  As Wilmott's expert explains, "if

11   a webpage does not instruct the server to place an image on the webpage, it simply

12   stays dormant on the server."  (Goeson Decl. ¶¶ 8-9.)  Therefore, like the office

13   copy in *Knickerbocker*, the undisputed evidence supports Wilmott's position that

14   the Indianapolis Photograph was never seen by anyone other than Plaintiff, and

15   thus, Wilmott's infringement is not actionable.

16         To prove Wilmott infringed his "display" right, Plaintiff submits a

17   screenshot of the purported webpage containing the Indianapolis Photograph,

18   which has the URL "http://www.visitusa.com/images/states

19   /alabama/cities/mobile/park.jpg." (Bell Decl. ¶ 9, Ex. E.)  Plaintiff's contention

20   that this evidence proves Wilmott "displayed" the photograph on a webpage

21   apparently reflects Plaintiff's misunderstanding of the terms "webpage" and

22   "website."  Exhibit E does not show a URL for a webpage or a website, but rather

23   a URL for an image resource file.  An image resource file is only considered part

24   of a website or webpage if it is related to a hypertext file from the site. *See, e.g.*,

25   American Heritage Dictionary (5th ed. 2019) (defining "webpage" as "[a]

26   document on the World Wide Web, consisting of a *hypertext file* and any *related*

27   *files* for scripts and graphics") (emphasis added); *id.* (defining a "website" as "[a]

28   set of interconnected *webpages*") (emphasis added).  Plaintiff has not identified

ER000019

any hypertext file to which the copyrighted photograph relates, so it is inaccurate to refer to Exhibit E as proving the photograph was "displayed" on a "webpage" or part of a "website." Even when construed in the light most favorable to Plaintiff, Exhibit E shows nothing more than what Wilmott already concedes: that the Indianapolis Photograph was present on Wilmott's webserver, accessible to those who already have a digital copy of the Photograph.

Summary judgment on *de minimis* use is appropriate where the undisputed facts show that the copying was not significant enough to constitute infringement. *See Newton*, 388 F.3d at 1196. The Court finds the Ninth Circuit's most recent decision on this issue, *Design Data Corp. v. Unigate Enter., Inc.*, 847 F.3d 1169 (9th Cir. 2017), instructive. In *Design Data*, the Ninth Circuit reversed the district court's finding of *de minimis* use, holding that "the evidence raise[d] a material question of fact precluding summary judgment on the unauthorized download claim." 847 F.3d at 1172. There, the defendant claimed that it downloaded a "free demo" of the copyrighted software, was unaware that the copy it downloaded was unauthorized, and that it did not actually use the software. *Id.* However, there was also evidence showing that the plaintiff did not make "free demos" of the software available for download, that defendant intentionally downloaded a complete copy of the software, and that defendant possessed three "patch files" allowing circumvention of the software's licensing requirement. *Id.* In addition, the defendant's computers contained files generated by the software and defendant's website advertised that it used the software. *Id.* The Ninth Circuit concluded that "this evidence raised a factual question whether [defendant's] download was more than an 'insignificant violation [ ]' of [plaintiff's] copyright." *Id.* (citing *Ringgold*, 126 F.3d at 74).

Unlike the defendant in *Design Data*, here, Wilmott was unaware that the Indianapolis Photograph resided on its webserver before Plaintiff contacted it on April 7, 2018. (Tullo Decl. ¶ 4.) Moreover, Wilmott did not "display" the

ER000020

photograph on a webpage of its website and there is no evidence that Wilmott otherwise "used" the photograph. As such, the evidence before the Court fails to raise a material question of fact that would preclude summary judgment. The Court finds that the copy of the Indianapolis Photograph residing on Wilmott's webserver—absent any evidence that Wilmott otherwise reproduced, distributed, or displayed the photograph—amounts to at most a *de minimis*, "technical" violation that is not actionable as a matter of law. Therefore, the Court **GRANTS** Wilmott's motion for summary judgment on its *de minimis* use defense.[5]

## IV.   CONCLUSION

Accordingly, the Court **GRANTS** Wilmott's motion for summary judgment on its *de minimis* use defense. The Court **DENIES** Plaintiff's motion for summary judgment on Wilmott's liability because Wilmott's infringement is not actionable.

**IT IS SO ORDERED.**

DATED: July 1, 2019

_____
CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE

---

[5] In its motion, Wilmott alternatively moved for summary judgment on its statute of limitations and fair use defenses. Because the Court concludes that Wilmott prevails on its *de minimis* use defense, the Court does not address Wilmott's additional arguments.

9

Paul D. Supnik [SBN 52842]
Email:  paul@supnik.com
9401 Wilshire Blvd., Suite 1250
Beverly Hills, CA 90212
Telephone: 310-859-0100
Facsimile: 310-388-5645

Attorney for Defendant
WILMOTT STORAGE SERVICES, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RICHARD N. BELL,<br><br>             Plaintiff,<br><br>    vs.<br><br>WILMOTT STORAGE SERVICES, LLC; et al.<br><br>             Defendants. | Case No. 2:18-cv-07328-CBM (MRWx)<br><br>Hon. Consuelo B. Marshall<br><br>**SUPPLEMENTAL DECLARATION OF PAUL D. SUPNIK IN SUPPORT OF DEFENDANT WILMOTT'S MOTION FOR SUMMARY JUDGMENT**<br><br>**Hearing Date:  May 28, 2019**<br>**Time:  9:30 AM**<br>**Courtroom:  8**<br>**350 1st Street** |

I, Paul D. Supnik declare I am an attorney at law, licensed to practice in the State of California and before this court. I have personal knowledge of the following and could and would testify thereto if called upon as a witness in this matter.

1.  I make this declaration in support of defendant WILMOTT's cross motion for summary judgment and in reply to the opposition filed by plaintiff

1

BELL in this matter.

2. The comments that I made in my original declaration in this lawsuit concerning the manner in which computer files are written, html and the internet are close to being within the typical knowledge of a lawyer in the year 2019 who is reasonably competent in technology in the law office.  While I do not believe that any special knowledge is required beyond my capacity as an attorney to make the statements that I made in my previous declaration, to give this court some greater confidence in my background I state my following background in addition to the practice of law.  I received my B.S. degree in engineering from UCLA in 1968. I have been using computers since I purchased two in 1983.  In or about 1986, I was active in forming a lawyers using computers committee for the Los Angeles County Bar Association. In or about October 1988, I began writing an occasional column entitled "Computer Counselor" for the Los Angeles Lawyer magazine reviewing various software for lawyers. In approximately 1997, I created my own website without the help of outside webmasters, using basic HTML tools which were available at the time. That website, www.supnik.com, considerably modified since then, contains both text and images, at least part of which was made writing HTML web pages, in addition to using helper applications which generated HTML code. In or about the year 2000, I created the initial website for the Los Angeles Copyright Society at least in part using HTML code.  In or about the year 2009, I created another website, notsobiglaw.com which also includes both text and at least one image at least in part using HTML code.

3. One of the reasons that I am preparing this supplemental declaration is to expand on the distinction between the webpage and a website which tends to be disregarded by the plaintiff in its opposition and to help the court in understanding the difference.  While it would be correct to say that the website

2

ER000023

and webpages of the website site reside on the same server, conceptually, they are different. Web pages are written to draw or pull in files, such as text files or image files from the web server based on instructions written in computer code and be visible to the visitor to the web page.

4. Based on my knowledge of creating websites and my knowledge of HTML through the use of HTML in creating my websites, I learned that the way a website is generally made is by creating a series of webpages which are essentially the types of pages which an ordinary user of a computer would see on his or her computer. The title of computer files with webpages normally end with the suffix ".htm" or ".HTML. On those pages, typically text is written in HTML code which pulls in information that can be seen by the user of the website. The HTML code will determine how that webpage looks. For example, if the text "Written Text" appears in the following HTML code:

    <b>Written Text</b>

then that text will show up on a web page with this HTML code as:

   **Written Text**

The beginning "b" between chevrons and the end "/b" between chevrons instruct the web page to show the text in bold. The <b> and </b> is known as an HTML tag. Images can typically be identified with the suffix ".jpg" or ".png." In order to bring in an image to a webpage called "header.png", the following HTML code can be placed on a web page.

    <a href="/"><img src="http://www.copr.org/wp-content/themes/copr-theme/images/header.png"></a>

The tag "<a href="/"> along with the end tag "</a> is a hyperlink tag. It tells the URL which follows to appear when the link is clicked. "img scr" tells the web page to display the following pinpoint URL on the webpage without having to click on the link. The tag "img scr=" tells the webpage to display the image

3

ER000024

defined by the pinpoint URL which follows, thus

"http://www.copr.org/wp-content/themes/copr-theme/images/header.png".  The image file header.png then appears on the web page.  But without this exact URL, it is not possible to locate a web page with this pinpoint URL.

5. If a link appears on a webpage, it will be possible to see what is on that link on the webpage. The webpage which may have suffixes such as .html or .htm, can display text, can display other web pages or it may display image files which includes the suffix such as ".jpg" or.png".  For any of those type of instructions written in the HTML of the webpage, that will cause the webpage to request that the particular text, images or other web pages to be served to specific locations on the webpage or otherwise made visible to the user of the website. Essentially, a server will typically have text and image files which can be sent to web pages written in HTML (or more advanced languages) which will show up on the website when requested by the user.  The server will also have HTML web pages which are accessible.  But unless the user knows the pinpoint URL or the images that have been indexed, or text that has been indexed by search engines, a dormant image on the server cannot be found.

6. Search engine such as Google or Bing normally index text information which exists on webpages, not web servers. Thus, Google box will attempt to search webpages so when somebody does a search on Google normally, they can look up information based on text which is input in a search box. This is the very standard procedure to do searches anyone using a computer.   Thus, one would type text in a box like the one shown below:



4

7.  Another type of search is possible, the image search which Mr. Bell discusses. However, Mr. Bell never specifically addresses how an image search is conducted. In order to conduct an image search it is necessary to have a specific image to input into the image search box such as in Tineye.com or into a Google image search. To do that requires the starting place of the image itself. Of course since Mr. Bell took the Indianapolis Photo, he knows exactly what he is going to be searching for so he will have a digitized image to upload to the image search box.  Once uploaded, Google images can find any images on the web that may have that service.

Here is the Google Image search input box:



Thus, one can paste the image URL or pinpoint URL and "Search by Image."  So, if you have the pinpoint URL, you can type that in.  Or if you have an image stored on your computer, for example photo.jpg, you can find it on your own computer and upload that image.  One would click on "Choose File" on one's computer and it would allow you to look on the file directory of your computer for that file.  But if you do not have the URL or a digital file of an image to upload, Google images does not otherwise provide a way of finding a particular image.   See below.

ER000026

1

2



3

4

5

6

7

8

9



10

11     8.  The structure of the files on the website were catalogued in a

12  hierarchical manner. For example, that hierarchy of the structure of images can

13  be found in my earlier declaration, [¶ 12, EXHIBIT C,] where I attached an

14  exhibit showing that hierarchy.  However, in order to guess the hierarchy, one

15  could not a found that hierarchy of the way images were organized on the server,

16  were it not for the original image search which he conducted originally by doing

17  the Google image search or Tineye search for the Indianapolis photo.

18     I declare under penalty of perjury that the foregoing is true and correct.

19  Executed at Beverly Hills California on May 14, 2019.

20

21     PAUL D. SUPNIK

22

23

24

25

26

27

28

6

ER000027

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ATTACHMENT 1**

**DECLARATION OF JEFFREY L. GOESON**

3

1   Paul D. Supnik [SBN 52842]
     Email:  paul@supnik.com
2   9401 Wilshire Blvd., Suite 1250
3   Beverly Hills, CA 90212
     Telephone: 310-859-0100
4   Facsimile: 310-388-5645

5   Attorney for Defendant
6   WILMOTT STORAGE SERVICES, LLC

7

8                UNITED STATES DISTRICT COURT

9                CENTRAL DISTRICT OF CALIFORNIA

10                  WESTERN DIVISION

11

| | |
|---|---|
| 12  RICHARD N. BELL, | Case No. 2:18-cv-07328-CBM (MRWx) |
| 13        Plaintiff, | Hon. Consuelo B. Marshall |
| 14  vs. | **DECLARATION OF JEFFREY J.** |
| 15  WILMOTT STORAGE SERVICES, | **GOESON IN SUPPORT OF** |
|     LLC; and DOES 1-100 and ROE | **DEFENDANT WILMOTT'S** |
| 16  Corporations I-X inclusive, | **OPPOSITION TO PLAINTIFF'S** |
| 17        Defendants. | **MOTION FOR SUMMARY** |
| | **JUDGMENT** |
| 18 | Hearing Date:  April 9, 2019 |
| 19 | Time:  9:30 AM |
| | Courtroom:  8 |
| 20 | 350 1ˢᵗ Street |

21

22       I, Jeffrey J. Goeson state that I am a resident of the County of Maricopa,

23  State of Arizona and I make this declaration in support of defendant Wilmott's

24  opposition to plaintiff's motion for summary judgment.  I have personal

25  knowledge of the following and would testify thereto if called on as a witness in

26  this case.

27       1. I am a computer professional and have been active as a computer

28

                                  1

professional for the past 25 years. In that capacity I have spent 20 years as a database software development professional, and 10 years as a project manager. I have also been a trainer for adult learners converting from COBOL to Visual Basic.

2. I am also familiar with basics of the computer language HTML which is traditionally used to create pages for websites. The way HTML works in part is that a page of "code" is written which instructs a computer "server" to "serve up" content that it instructs. The code may have written text on it, but it also has the ability to call or request that image files residing on a server be brought onto a webpage.

3. By way of example, the following is a portion of a line of html code on a webpage of the U.S. Courts website which I understand was provided to me by Paul Supnik, attorney for the defendant Wilmott: <img typeof="foaf:Image" src="http://www.cacd.uscourts.gov/sites/default/files/2019_Civics_Contest.jpg" width="750" height="438" alt="" />. This is the type of code that might be expected to pull in the image file "2019_Civics_Contest.jpg" in a particular size onto a webpage of a website visible by the public. But unless the webpage formed by the html code existed instructing the file to be "served" to the webpage, the image would simply remain on the server for the website and generally not be visible.

4. The pages on a website are generally indexed by search engines such as Google so that when information on the website or in the web page code is searched, the website will be found. The image files often have a name so that the image files which appear on the website can also be found through Google search. Given the fact that Google has not indexed the webpage, that would mean that the public is not likely to be able to find the image, and thus would be unable to copy it, download it or print it.

2

ER000030

5.  On or about February 25, 2019, I was asked by Jonathan Tullo to examine the files of the website www.visitusa.com.  In particular, I was requested to scan the files to determine if any file "park.jpg" was uploaded to the website during this interval.  I was provided by Mr. Tullo the following materials: A complete backup of the website source code (including image files) of the website from July 11, 2014. After viewing the files and doing an extensive search, I was able to confirm and conclude that no copies of any file by the name of Park_yyy.jpg have been uploaded to the website of visit USA.com during the period from January 1, 2011 through December 21, 2014.  In fact, I reviewed every file that was uploaded between January 1, 2011, and December 21, 2014, and the image in question was not included. The upload that occurred on December 23, 2014 had the effect on all of the files uploaded of setting the create date datestamp to December 23, 2014, thereby destroying the previous create date.

6. Computer files containing images as used in connection with websites are commonly identified by a first portion identifier which often but not necessarily describes the contents of a file, followed by what is known as an "extension" following a period (".").  The extension for common computer files used in office documents such as Microsoft Word documents as used on a personal computer are often identified with the extension ".doc" or "docx" for a newer version.  Excel spreadsheet documents are identified with the extension ".xls".  Files which are images are commonly identified with extensions such as ".jpg", ".png" or other various extensions which are often simply 3 characters such as "jpg."  I was instructed to look for any files I could find which were uploaded under the file name "park.jpg."

7. The process that I used to determine that no such files named Park.jpg were ever uploaded to this website was to do a scan of all of the files looking for

3

a file named "park.jpg", and only one such files was located, but was not the image in question. Subsequently, I was also asked to do a search for a file named "park_yyy.jpg". No such file was located in the archive.

8.  An image appearing on a webpage is more likely to be a publication of the image. To explain the difference, a server is essentially a computer or computer cloud storage location which typically houses a hard drive containing numerous files. One type of file that might reside on a computer server is an image file, typically in the format identified as ".jpg". Files on computers are typically named by something that can identify the particular file followed by an extension which identifies the type of file. The jpg extension is a common type of image file.

9. The website is what people see when they view the Internet. Underlying the website is a description written in a computer language, typically, HTML, which tells the webpage but what to display. If the webpage does not instruct the server to place an image on the webpage, it simply stays dormant on the server.

10.  The file in question (park_yyy.jpg) did exist on the website before I removed it recently, but the time stamp is December 23, 2014. The file does not match the layouts or resolution of the other images in the folder, and appears to be a file that would normally not be used for website images. Horizontal and vertical resolution of other images in the same folder are 72 dots per inch ("DPI"), but the file in question is 1 DPI. This file appears to be damaged, and would not have been used by the Defendants, as it should not be viewable. I believe the reason that these files are showing a December 23, 2014 is because this is the date that the files and databases were loaded onto the new website server, and thus, do not reflect an accurate creation date. Further, the file in question would not have been used anyway, as it appears to be damaged.

11.  I am aware that it is possible for a file to be accessible from a

4

website, if the URL is known, but not generally searchable by the public.  Thus, it is possible that the file could have existed on the website even if the public could not get access to the website by searching, unless the person seeking access to the image knew the exact pinpoint URL location of the image.  As a result, the file park_yyy.jpg, as a practical matter, could not be easily printed or downloaded, since it was not readily searchable by website visitors.

12.  At the request of Jonathan Tullo, on March 10, 2019, I pulled the file park-yyy.jpg from www.visitusa.com by taking the following actions.  I logged into the FTP location.  This area is not accessible to the public without knowledge of the account number and password.  I accessed the \images\alabama\mobile folder.  I made a copy of the park_yyy.jpg file to my local machine for future forensic purposes.  I deleted the park_yyy file from the FPP folder mentioned above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed at Maricopa County, Arizona on March 10, 2019.

_____
Jeffrey J. Goeson          MAR 10, 2019

ER000033

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ATTACHMENT 2**

**DECLARATION OF JONATHAN TULLO**

4

Paul D. Supnik [SBN 52842]
Email: paul@supnik.com
9401 Wilshire Blvd., Suite 1250
Beverly Hills, CA 90212
Telephone: 310-859-0100
Facsimile: 310-388-5645

Attorney for Defendant
WILMOTT STORAGE SERVICES, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| RICHARD N. BELL,<br><br>             Plaintiff,<br><br>    vs.<br><br>WILMOTT STORAGE SERVICES, LLC; and DOES 1-100 and ROE Corporations I-X inclusive,<br><br>             Defendants. | Case No. 2:18-cv-07328-CBM (MRWx)<br><br>Hon. Consuelo B. Marshall<br><br>**DECLARATION OF JONATHAN TULLO IN SUPPORT OF DEFENDANT WILMOTT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>**Hearing Date: April 9, 2019**<br>**Time: 9:30 AM**<br>**Courtroom: 8**<br>**350 1st Street** |

1

**DECLARATION OF JONATHAN TULLO**

    I, Jonathan Tullo declare that I am a resident of the County of Los Angeles and I make this declaration in support of the opposition of defendant Wilmott Storage Services, LLC in opposition to motion for summary judgment. I have personal knowledge of the following and could and would testify thereto if called upon as a witness in this matter.

    1.  My occupation is in business development in connection with the multifamily industry which is unrelated to the subject matter of this lawsuit. My education relates to business.

    2.  In 2012, Wilmott Storage Services, LLC purchased VisitUSA.com from IAdvantage, LLC, whose principal was, and is, upon information and belief, Michael Esposito of Florida.  Joseph Uddeme was the broker who facilitated the transition.  The initial contract was with Net Marketing Consultants, LLC, however Net Marketing Consultants, LLC transferred its interest in the sale to Wilmott Storage Services, LLC.  IAdvantage, LLC represented in the purchase documents that it had the right to publish all information existing on the website, and that those rights would transfer to Wilmott Storage Services, LLC.

    3.  In 2014, we made a business decision to refresh the VisitUSA.com website.  We ran a competitive bidding process to hire the right firm or individual to undertake this mandate.  The winning party was West and Bloom, which was spearheaded by Jessica Naughton and Jessica McIntosh. We instructed them to refresh the look and feel of the website, and to use only images either personally taken by us, or purchased from a reputable stock image provider.   As result, it was my understanding that only photographs added would be those which were purchased from firms like iStockPhoto. In addition, however I had some photographs which I took that I wanted to have on the website as well as some photographs that friends or family members of mine allowed me to use. This

2

included less than a dozen photos.

4.  Until I received an email from Mr. Bell in or about April 7, 2018, we were not aware of his photograph or of his existence. At that time I received an email stating that the visitUSA.com website was infringing his photograph because it appeared on the website. His email had a URL which referenced Alabama. I looked at the specific pinpoint URL and I did see the photograph there. But I do not recall seeing anything else.  I followed the instructions of Mr. Bell and immediately instructed a person that we have been using in India, Mr. Yasser Amin, to take down the photograph from the website. Almost immediately the photograph on the specific URL mentioned by Mr. Bell was taken down. I thereafter found that there was no content on that URL.  Thereafter, I never saw a picture of the photograph on at that URL.  Attached as EXHIBIT A is a copy of an email chain (with account number and server number redacted) which includes a copy of the above referenced email I sent to Yasser Amin on or about April 8, 2019 at 12:00 to India where I requested him to remove the photo at the pinpoint URL of http://visitusa.com/images/states/alabama/cities/mobile/park.jpg.

5.  On or about March 1, 2019, I learned that there was still an image file on the website server. The website server had an image which was identified as park_yyy.jpg. This of course is similar to but different from what apparently was the original file name of the conflicting image file given to me by Mr. Bell, park.jpg in his email. At no point in the initial communication with Mr. Bell did Mr. Bell mention this image file park_yyy.jpg, its pinpoint URL or any associated webpage.  I later asked Jeffrey Goeson if he could remove the file park_yyy.jpg.

6. Based on this information it is my understanding that the image did reside on the website server. But that does not necessarily mean that it was readily accessible to the consumer.  On or about March 10, 2019, I did a Google URL Inspection of the URL

3

http://www.visitusa.com/images/states/alabama/mobile/park_yyy.jpg.  I learned that the image was never indexed by Google as indicated by the result I received as appearing on EXHIBIT B.

7.   Although we had hoped that the website would turn out to be a good business financially, it turned out not to be so. When it was first purchased, the website was profitable, and was making money primarily from banner advertising. However, because of I am told was told something changed in the algorithms used by Google for search engine optimization, we began to lose a lot of traffic. Based on learning this, I decided that it would be a good idea to try to improve the website in some manner to avoid the changes in search engine optimization that apparently were penalizing the website. It was this incentive that caused us to modify the website which ultimately went live in 2014. That was the reason that I had hired West and Bloom to make the modifications to the website.  In instructing West and Bloom to make the changes to the website I instructed them not to use photographs which had not been cleared.  The modified website which went live in 2014 occurred late in 2014 and corresponds to, or at least approximates the dates that appear on the files residing on the server for the website with the December 23, 2014 date.

8.  Based on the foregoing, it is my belief that the following occurred:

a.  The Indianapolis Photograph resided on the website server when purchased in 2012.

b.  The Indianapolis Photograph resided on the website server prior to purchase and prior to registration by Mr. Bell.

c.  Even though the Indianapolis Photograph resided on the server, it never became readily accessible or accessible to any webpage of the actual website because it had not been cleared.

9.  Wilmott has never sold copies of the Indianapolis Photo.  Wilmott has

4

never received any funds or profit as a result of the existence of the Indianpolis Photo being on the web server for www.visitusa.com.  Wilmott has never reproduced the Indianapolis Photo except in connection with preparation of a defense in this lawsuit.  Wilmott has never distributed to others, other than in in connection with the preparation of a defense of this lawsuit, physical or digital copies of the Indianapolis Photo.  I have not seen the Indianapolis Photo on any web page of www.visitusa.com.  I have only seen the Indianapolis Photo on pinpoint URL's of www.visitusa.com.  Those URL's are no longer accessible.  The Indianapolis Photo jpg has been taken off the server for www.visitusa.com.

10.  Wilmott has never intended to infringe, reproduce, distribute, or publicly display the Indianapolis Photo.  Wilmott attempted to take down the Indianapolis Photo when it first received notice through Mr. Bell's communication to me.  The brief delay when the park_yyy.jpg was discovered was occasioned by trying to determine how this could be done while preserving evidence of its existence.  There is no intention of Wilmott to place the image of the Indianapolis Photo back on the server, or otherwise link it to a webpage of www.visitusa.com.  There is no incentive for Wilmott to place the image of the Indianapolis Photo back on the server, or otherwise link it to a webpage of www.visitusa.com.  There is no necessity for this Court to issue an injunction against Wilmott for this purpose.

I declare under penalty of perjury of the United States of America that the foregoing is true and correct.

Executed at Los Angeles, California on March _17_, 2019.

Jonathan Tullo

5

---------- Forwarded message ---------
From: Jon Tullo <jmtullo@gmail.com>
Date: Tue, Apr 17, 2018 at 8:21 AM
Subject: Re: ▓▓▓▓▓▓▓▓▓ Attention Required: Your DreamHost VPS needs help!
To: Amin Yaser <qcompconsultant@gmail.com>

Ok- I sent you the $15.  Thank you!

How much for the clean up you mention?

On Apr 16, 2018, at 10:56 PM, Amin Yaser <qcompconsultant@gmail.com> wrote:

    Hello Jon Tullo,

    I checked and it looks its fine as of now,  corrected the ftp settings that showed warning in both the
    frontend and backend..The problem could be some of your pages in website uses a lot of memory and
    could cause the dreamhost warning, may be due to faulty code in the joomla extensions. Better to clean
    up and remove unwanted things and update all to the latest versions and it will take a lot of time.

    as of now the cost for works is $15 my paypal is qcomp@hotmail.com


    thanks
    Amin.

On Mon, Apr 16, 2018 at 8:22 PM, Jon Tullo <jmtullo@gmail.com> wrote:
 Hi Amin,

    Were you able to make these fixes?  How much do I owe you?

    On Apr 7, 2018, at 11:51 AM, Amin Yaser <qcompconsultant@gmail.com> wrote:

<div align="center">1</div>

<div align="center">**6**</div>
<div align="center">**EXHIBIT A**</div>

ER000040

Hello Jon,

can i get the server ftp access and also the hosting control panel.

It looks the website uses more memory at times may be because of increase in traffic/usage.

We can enable caching and remove unwanted pages, etc.. to fix this.

thanks,
Amin

On Sun, Apr 8, 2018 at 12:00 AM, Jon Tullo <jmtullo@gmail.com> wrote:
Hi Amin,

Can you fix the issue noted below?

Also, can you remove this photo:

http://www.visitusa.com/images/states/alabama/cities/mobile/park.jpg

Let me know how much!

Thank you!!


Begin forwarded message:

> **From:** DreamHost VPS Stability Robot <no-reply@dreamhost.com>
> **Date:** April 6, 2018 at 3:36:39 PM PDT
> **To:** Jon@belmontacquisitions.com
> **Subject:** [▓▓▓▓▓▓▓▓▓▓] Attention Required: Your DreamHost VPS needs help!


> Hi Jon!

> Your DreamHost VPS, ▓▓▓▓▓▓▓▓, has just exceeded the memory allocation that you've established.  If left unchecked that behavior could begin to negatively impact the VPS services of every other customer on your server.

> As a result we've had to reboot your VPS, effectively restarting your virtual machine.  You may experience several minutes of downtime while your services come back online.

> Based on the usage pattern that we've seen today, it's clear that you'd be best served by either working to reduce your memory footprint or simply increasing the amount of memory available to your VPS.

> We've put together some documentation that can help you troubleshoot and even reduce your current memory usage:

2

**7**
**EXHIBIT A**

http://www.visitusa.com/images/states/alabama/cities/mobile/park_yyy.jpg

URL Inspection

TEST LIVE

**URL inspection**

Learn how the Google Index sees your page. Use this to troubleshoot if your page isn't appearing, or isn't appearing properly, in Google Search results.

LEARN MORE          GOT IT

ⓘ **URL is not on Google**

This page is not in the index, but not because of an error. See the details below to learn why it wasn't indexed. Learn more

VIEW CRAWLED PAGE                    Page changed?   REQUEST INDEXING

ⓘ Coverage                           URL is unknown to Google          ‹

**Discovery**

Sitemaps                             N/A

Referring page                       None detected

URL might be known from other sources that are currently not reported

**Crawl**

Last crawl                           N/A

Crawled as                           N/A

Crawl allowed?                       N/A

Page fetch                           N/A

**Indexing**

Indexing allowed?                    N/A

User-declared canonical              N/A

Google-selected canonical ⓘ          N/A

LEARN MORE

Enhancements

Only indexed URLs can have enhancements

**EXHIBIT B**

ER000042

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ATTACHMENT 3**

**DECLARATION OF PAUL D. SUPNIK**

5

1   Paul D. Supnik [SBN 52842]
2   Email:  paul@supnik.com
    9401 Wilshire Blvd., Suite 1250
3   Beverly Hills, CA 90212
    Telephone: 310-859-0100
4   Facsimile: 310-388-5645

5   Attorney for Defendant
6   WILMOTT STORAGE SERVICES, LLC

7

8                   UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10                        WESTERN DIVISION

11

12   RICHARD N. BELL,                    Case No. 2:18-cv-07328-CBM (MRWx)

13                Plaintiff,             Hon. Consuelo B. Marshall

14        vs.                           **DECLARATION OF PAUL D.**
                                         **SUPNIK IN SUPPORT OF**
15   WILMOTT STORAGE SERVICES,           **DEFENDANT WILMOTT'S**
     LLC; and DOES 1-100 and ROE         **OPPOSITION TO PLAINTIFF'S**
16   Corporations I-X inclusive,         **MOTION FOR SUMMARY**
                                         **JUDGMENT**
17                Defendants.
                                         **Hearing Date:  April 9, 2019**
18                                       **Time:  9:30 AM**
                                         **Courtroom:  8**
19                                       **350 1st Street**

20

21

22

23

24        I, Paul D. Supnik declare I am an attorney at law, licensed to practice in the

25   State of California and before this court. I have personal knowledge of the

26   following and could and would testify thereto if called upon as a witness in this

27   matter.

28        1.  I represent the defendant Wilmott Storage Services, LLC in this lawsuit.

                                    1

As its attorney, I had a telephone conversation with the plaintiff, Richard N. Bell, on or about April 19, 2018. I discussed his claim of infringement against my client and he proceeded to tell me how he found the image on the website. He referenced an online service called TinEye which can be found on the internet at tineye.com. I thereafter more recently went on the Tineye website to learn better how the services operate. Tineye provides a reverse image service whereby you can upload a copy of your image and find locations elsewhere on the web where the image appears. The image search does not rely on finding text to conduct the search as other search engines may.

For example, in doing an ordinary image search on Google, that can be done if I have the words associated with the image, or if I have a specific or pinpoint URL that will give me the exact image on a web server or web page.

If I do not know the specific pinpoint URL of the image or there is no text associated with the image, is not readily searchable if at all. At least there is no readily available public search available from Google which can do this and if there is, it was not identified by Mr. Bell. Rather, as Mr. Bell points out, he used a reverse image search, such as Tineye which Mr. Bell references.

On the Tineye.com website and by clicking a link on how to use Tineye on its website, it states:

> "Using TinEye, you can search by image or perform what we call a reverse image search. You can do that by uploading an image or searching by URL. You can also simply drag and drop your images to start your search."

A copy of a portion of a page of the tineye.com website is attached as EXHIBIT A.

Google has a similar reverse image search capability.  But as a starting point, you either need the specific or pinpoint URL, or by loading a digital version of the

2

image to the reverse image search website, whether that be Tineye or Google Image search.  These services do not find images.  They allow you to find locations of images if you already know the image location.

2.  I then went on to do a Google search to see what I might find about Tineye. There is a Tineye Wikipedia page, a copy of which is attached as EXHIBIT B. In reviewing the Wikipedia page, the history notes that the service was launched in May 6, 2008. In June 2014, Tineye claimed to have indexed more than 5 billion images for comparisons. While it also states that as of August, 2018, Tineye search results claim to have over 30 billion images indexed for comparisons, and this is obviously larger than in 2014, the ability to search 5 billion images is probably not a small number of images for searching.  In any event that was not explained by Mr. Bell.

3.  Although Mr. Bell readily references the search that he made of Google Image search, he does not identify how that Google search was conducted. Did he have the URL as a result of a prior search from TINEYE so that he could conduct a pinpoint search?  Nor does Mr. Bell refer or reference the fact that apparently he, admits to have using to used Tineye and does not explain how Tineye (or Google's reverse image search) was used and it whether he attempted to use Tineye or not in 2014. And even if he did not used in 2014, there is no reference to him using it in 2017. If he did use it or if he had the opportunity to use it, then he either probably knew or should have known that the image was on the server of for the defendant Wilmot's website.

4. Prior to the scheduling conference at the courthouse on February 19, 2019, I had a brief conversation with Mr. Hamilton.  I asked him if he had any copy of the page on which the image appeared on my client's website.  I pointed out to him that all I saw was the image from the URL provided and nothing more. During that conversation, he responded by telling me that we can concerns about

ER000046

spoliation of evidence if we did not have a copy of the page on which the image appeared.  Obviously, a statement like that gave me concern, and I tried to figure out what might have happened with the image.  After further consideration, I tried to break down the URL provided identified in the complaint and thereafter learned that the file structure of the images could be traced to the hierarchy of the pinpoint URL.  Thus, for example, under /images/ appeared the subdirectory states, in which the states were listed.  Under /images/states/cities, a listing of cities appeared.  By clicking on the URL, for example, www.visitusa.com/images/states/cities/mobile, a list of jpg files appeared.  A copy of the file breakdowns showing the URL of the file structures at the bottom of the pages, and the date obtained at the bottom of the page is attached as EXHIBIT C. It was here where I found that a separate file existed which said park_yyy.jpg.  However, I was not sure how to have Wilmott remove the file without affecting any evidence.  I then discussed this with Mr. Hamilton during our meet and confer for this motion on March 5, 2019.  So far, neither plaintiff nor defendant has identified any web page on which the Indianapolis Image has ever appeared on the www.visitusa.com website but only pinpoint URL's for the image.

5.  Mr. Bell did not explain how he used archive.org to find park_yyy.jpg. The only way he could have done so was to determine the file structure for the image directly, such as appears on EXHIBIT C.  In order to have the information to find this, he would first have to have had the information which he most likely obtained using the reverse image search discussed above.  Thus, he would have needed to start out with his image to find the pinpoint URL and then work backward to determine what was found in the file structure hierarchy.

6.  In order to see the manner in which the create date on files were affected by a change in file name, I went onto Internet Explorer on my Windows based computer and looked for a "jpg" file.  I right-clicked on the file name and a

ER000047

dropdown box appeared, the last selection being "Properties."  Clicking on Properties, a box appeared with the information about the file, including a list of 3 dates, "Created:", "Modified:" and "Accessed."  I changed the file name by adding "_yyy" after the original file name and before the letters ".jpg".  After doing so, the file stayed the same, the creation, modified date and access date all stayed the same.  The only thing that changed was the file name.  Thus, the creation date is not affected by renaming the jpg file.

7.  In doing research on matters that Mr. Bell has been active as a plaintiff, it is apparent that he has filed numerous lawsuits in connection with the Indianapolis Photo. One of those into lawsuits in Indiana resulted in a trial for which the parties memoranda of contentions of fact and law following trial were submitted to the court about five months ago. This court is asked to take judicial notice of the fact that this issue has been litigated in that case, *Bell v. Maloney*, 1:16-cv-01193.  It appears that at trial the purpose of the photograph was for a lawfirm website and even the issue of ownership of the image was in dispute there.

8.  Defendant requests additional time to obtain discovery in connection with this particular issue in the event that the court finds it would otherwise rule against defendant for liability in this summary judgment motion, under FRCP Rule 56(d). Defendant has already recently served written discovery related to this issue.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed at Beverly Hills, California on March 18, 2019.

PAUL D. SUPNIK

5

Search Technology Products About

- Search
- Technology
- Products
- About
- Log in

Log in

| | Browse... |

Upload or enter Image U

Submit Query

# How to use TinEye

Using TinEye, you can search by image or perform what we call a reverse image search. You can do that by uploading an image or searching by URL. You can also simply drag and drop your images to start your search.

TinEye constantly crawls the web and adds images to its index. Today, the TinEye index is over 35.1 billion images.

**Upload** an image from your computer or mobile device by clicking the upload button to locate the image you wish to search for.

To **search by URL**, copy and paste an image url address into the search box.

**Drag** an image from a tab in your browser and **drop** it in a browser tab where TinEye is open.

## We don't save your images

When you search with TinEye, your image is never saved or indexed. TinEye adds millions of new images from the web every day—but your images belong to you. Searching with TinEye is private, secure, and always improving.

## Some of our favourite examples

Abbey Road, Starbucks logo, Barbie, Dollar bill







Search for          Search for          Search for

**6**

**EXHIBIT A**

ER000049

3/15/2019

WIKIPEDIA

# TinEye

**TinEye** is a reverse image search engine developed and offered by Idée, Inc., a company based in Toronto, Ontario, Canada. It is the first image search engine on the web to use image identification technology rather than keywords, metadata or watermarks.[2] TinEye allows users to search not using keywords but with images. Upon submitting an image, TinEye creates a "unique and compact digital signature or fingerprint" of the image and matches it with other indexed images.[3] This procedure is able to match even heavily edited versions of the submitted image, but will not usually return similar images in the results.[4]



**TinEye**

| Type of site | Image Search Engine |
|---|---|
| **Available in** | multilingual |
| **Owner** | Idée, Inc. |
| **Website** | tineye.com (http://tineye.com) |
| **Alexa rank** | ▲ 4,895 (Jan 2016)[1] |
| **Commercial** | yes |
| **Registration** | optional |
| **Current status** | active |

# Contents

History
Technology
Algorithm
Usage
See also
References
External links

# History

Idée, Inc. was founded by Leila Boujnane and Paul Bloore in 1999. Idée launched the service on May 6, 2008 and went into open beta in August that year.[5][6] While computer vision and image identification research projects began as early as the 1980s,[7] the company claims that TinEye is the first web-based image search engine to use image identification technology. The service was created with copyright owners and brand marketers as the intended user base, to look up unauthorized use and track where the brands are showing up respectively.[8]

In June 2014, TinEye claimed to have indexed more than five billion images for comparisons.[9] However, this is a relatively small proportion of the total number of images available on the World Wide Web.[10]

As of August 2018, TinEye's search results claim to have over 30.8 billion images indexed for comparison.

# Technology

A user uploads an image to the search engine (the upload size is limited to 20 MB) or provides a URL for an image or for a page containing the image. The search engine will look up other usage of the image in the internet, including modified images based upon that image, and report the date and time at which they were posted. TinEye does not recognize outlines of objects or perform facial recognition, but recognises the entire image, and some altered versions of that image. This includes smaller, larger, and cropped versions of the image. TinEye has shown itself capable of retrieving different images from its database of the same subject, such as famous landmarks.[11]

TinEye is capable of searching for images in JPEG, GIF, or PNG format. As of 2009, other formats that contain images online, such as Adobe Flash, are not searchable.[12]

Results generated from TinEye include: the total number of matches in their database that the submitted image has generated, a preview image and URL to each match, as well as a function called Compare Images. Compare Images will bring up a window where the user can switch back and forth between the original image and the search result.[13] TinEye can sort results by best match, worst match, biggest image, or smallest image.

User registration is optional, and offers storage of the user's previous queries. Other features include embeddable widgets and bookmarklets. TinEye has also released their commercial API.

# Algorithm

Although TinEye doesn't disclose the exact algorithms used, there are techniques similar to the company's how it works description that achieve the same goal of matching images. One such algorithm is perceptual hashing which is used to create a hash from sample image. Here is an example of a basic average-hash algorithm, which is similar to but simpler than a perceptual hash, written by Dr. Neal Krawetz:[14]

1. **Reduce size** In pictures, high frequencies give detail while low frequencies show structure; we want the latter. The fastest way to remove high frequencies and detail is to shrink the image. In this case, shrink it to 8x8 so that there are 64 total pixels. Don't bother keeping the aspect ratio, just crush it down to fit an 8x8 square. This way, the hash will match any variation of the image, regardless of scale or aspect ratio.
2. **Reduce color** Compute the mean value of the 64 colors.
3. **Average the colors** To get the lowest frequencies in the image, take only a smaller part of the already reduced image. For example, if the DCT (Discrete Cosine Transform, a Fourier-related transform) is 32x32, just keep the top-left 8x8.
4. **Compute the bits** Each bit is simply set based on whether the color value is above or below the mean.
5. **Construct the hash** Set the 64 bits into a 64-bit integer. The order does not matter, just as long as you are consistent. Your end result hash will look something like this: 8f373714acfcf4d0

The resulting hash won't change if the image is scaled or the aspect ratio changes. Increasing or decreasing the brightness or contrast, or even altering the colors won't dramatically change the hash value.

Case 2:18-cv-07328-CBM-MRW   Document 43-3   Filed 04/26/19   Page 10 of 17   Page ID #:438

To compare two images, construct the hash from each image and count the number of bit positions that are different. This is a Hamming distance. A distance of zero indicates that it is likely a very similar picture or a variation of the same picture. A distance of 5 means a few things may be different, but they are probably still close enough to be similar. A distance of 10 or more is a probable indication that the images are different.

## Usage

TinEye's ability to search the web for specific images (and modifications of those images) makes it a potential tool for the copyright holders of visual works to locate infringements on their copyright. It also creates a possible avenue for people who are looking to make use of imagery under orphan works to find the copyright holders of that imagery. Being that orphan works can be defined as "copyrighted works whose owners are difficult or impossible to identify and/or locate,"[15] the use of TinEye could potentially remove the orphan work status from online images that can be found in its database.

## See also

- Content-based image retrieval

## References

1. "Tineye.com Site Info" (http://www.alexa.com/siteinfo/tineye.com). Alexa Internet. Retrieved January 3, 2016.
2. What is TinEye? (http://www.tineye.com/faq#what)
3. How does TinEye work? (http://www.tineye.com/faq#how)
4. Can TinEye find similar images? (http://www.tineye.com/faq#similar)
5. "Releases" (http://tineye.com/releases). Tineye.com. Retrieved February 21, 2013.
6. Claburn, Thomas (August 18, 2008). "TinEye Image Search Finds Copyright Infringers" (http://www.informationweek.com/applications/tineye-image-search-finds-copyright-infringers/d/d-id/1071107?). InformationWeek. Retrieved September 28, 2014.
7. Szeliski, Richard (2010). Computer Vision: Algorithms and Applications. Springer Publishing. p. 832. ISBN 9781848829343.
8. George-Cosh, David (n.d.). "Idée's TinEye next frontier in Web searches" (http://www.ideeinc.com/pdf/idee-national-post.pdf) (PDF). National Post. Retrieved February 11, 2010.
9. "Retrieved 2014-07-01" (http://www.tineye.com/updates). Tineye.com. Retrieved July 1, 2014.
10. "Flickr hosts 5bn images as at Sep 10 – Retrieved 2011-04-06" (http://royal.pingdom.com/2011/01/12/internet-2010-in-numbers/). Royal.pingdom.com. Retrieved February 21, 2013.
11. Elias, Jean-Claude. (December 11, 2009). Search by photo. The Jordan Times. Retrieved on 2/19/10 from Factiva database.
12. Krechevsky, Curtis. (May 1, 2009. "The challenges of logo and image searches on the internet". IP Law and Business. 7(5). Retrieved on 2/19/10 from Factiva database.

13. "Become An Online Image Detective With
    TinEye" (http://www.groovypost.com/howto/groovyreview/become-online-image-detective-tineye-review/).
    Groovypost.com. January 18, 2010. Retrieved June 25, 2013.

14. "Tools, Techniques, and Tangents" (http://www.hackerfactor.com/blog/index.php?/archives/432-Looks-
    Like-It.html). Dr. Neal Krawetz.

15. Yeh, B. (February 1, 2010). "Orphan works" in copyright law. Congressional Research Service. Retrieved
    on 2/19/10 from Factiva database.

# External links

- Official website (https://tineye.com)

Retrieved from "https://en.wikipedia.org/w/index.php?title=TinEye&oldid=885396927"

**This page was last edited on 27 February 2019, at 19:57 (UTC).**

Text is available under the Creative Commons Attribution-ShareAlike License; additional terms may apply. By
using this site, you agree to the Terms of Use and Privacy Policy. Wikipedia® is a registered trademark of the
Wikimedia Foundation, Inc., a non-profit organization.

# Index of /images/states

| Name | Last modified | Size | Description |
|------|---------------|------|-------------|
| Parent Directory | | - | |
| _placeholders/ | 07-Jan-2015 22:09 | - | |
| alabama/ | 24-Dec-2014 06:11 | - | |
| alaska/ | 08-Jan-2015 22:11 | - | |
| arizona/ | 08-Jan-2015 21:04 | - | |
| arkansas/ | 23-Dec-2014 23:17 | - | |
| california/ | 08-Jan-2015 22:04 | - | |
| colorado/ | 08-Jan-2015 21:57 | - | |
| connecticut/ | 24-Dec-2014 01:11 | - | |
| delaware/ | 24-Dec-2014 01:15 | - | |
| florida/ | 24-Dec-2014 01:46 | - | |
| georgia/ | 24-Dec-2014 02:11 | - | |
| hawaii/ | 08-Jan-2015 21:04 | - | |
| idaho/ | 24-Dec-2014 08:01 | - | |
| illinois/ | 24-Dec-2014 08:01 | - | |
| indiana/ | 24-Dec-2014 08:04 | - | |
| iowa/ | 24-Dec-2014 08:05 | - | |
| kansas/ | 24-Dec-2014 08:10 | - | |
| kentucky/ | 24-Dec-2014 08:10 | - | |
| louisiana/ | 08-Jan-2015 22:06 | - | |
| maine/ | 24-Dec-2014 08:21 | - | |
| maryland/ | 24-Dec-2014 08:22 | - | |
| massachusetts/ | 24-Dec-2014 08:24 | - | |
| michigan/ | 24-Dec-2014 08:27 | - | |
| minnesota/ | 24-Dec-2014 08:28 | - | |
| mississippi/ | 08-Jan-2015 21:05 | - | |
| missouri/ | 08-Jan-2015 22:02 | - | |
| montana/ | 08-Jan-2015 22:10 | - | |
| nebraska/ | 24-Dec-2014 08:47 | - | |
| nevada/ | 24-Dec-2014 08:49 | - | |
| new-hampshire/ | 24-Dec-2014 09:25 | - | |
| new-jersey/ | 24-Dec-2014 09:27 | - | |
| new-mexico/ | 24-Dec-2014 09:28 | - | |
| new-york/ | 08-Jan-2015 22:07 | - | |
| north-carolina/ | 24-Dec-2014 09:33 | - | |
| north-dakota/ | 24-Dec-2014 09:33 | - | |
| ohio/ | 08-Jan-2015 22:00 | - | |
| oklahoma/ | 24-Dec-2014 09:37 | - | |
| oregon/ | 24-Dec-2014 09:53 | - | |
| pennsylvania/ | 24-Dec-2014 09:55 | - | |
| rhode-island/ | 24-Dec-2014 10:19 | - | |
| south-carolina/ | 08-Jan-2015 22:12 | - | |
| south-dakota/ | 08-Jan-2015 22:08 | - | |
| tennessee/ | 08-Jan-2015 21:16 | - | |
| texas/ | 08-Jan-2015 21:51 | - | |
| utah/ | 08-Jan-2015 21:08 | - | |
| vermont/ | 25-Dec-2014 22:13 | - | |
| virginia/ | 25-Dec-2014 22:24 | - | |
| washington-dc/ | 25-Dec-2014 22:51 | - | |
| washington/ | 08-Jan-2015 21:17 | - | |
| west-virginia/ | 25-Dec-2014 22:57 | - | |
| wisconsin/ | 25-Dec-2014 23:13 | - | |
| wyoming/ | 25-Dec-2014 23:27 | - | |

# Index of /images/states/alabama

| Name | Last modified | Size | Description |
|------|---------------|------|-------------|
| Parent Directory | | - | |
| airports/ | 23-Dec-2014 21:38 | - | |
| attributes/ | 23-Dec-2014 21:39 | - | |
| beaches/ | 23-Dec-2014 21:39 | - | |
| campgrounds/ | 23-Dec-2014 21:39 | - | |
| cities/ | 23-Dec-2014 21:52 | - | |
| highestpoints/ | 23-Dec-2014 21:52 | - | |
| hiking/ | 24-Dec-2014 06:11 | - | |
| lakes/ | 24-Dec-2014 06:11 | - | |
| nationalparks/ | 24-Dec-2014 06:11 | - | |
| rivers/ | 24-Dec-2014 06:12 | - | |
| skiresorts/ | 24-Dec-2014 06:12 | - | |
| stateparks/ | 24-Dec-2014 06:13 | - | |

**12**
**EXHIBIT  C**

# Index of /images/states/alabama/cities

| Name | Last modified | Size | Description |
|------|---------------|------|-------------|
| Parent Directory | | - | |
| alabaster/ | 23-Dec-2014 21:39 | - | |
| albertville/ | 23-Dec-2014 21:39 | - | |
| alexander-city/ | 23-Dec-2014 21:39 | - | |
| aliceville/ | 23-Dec-2014 21:40 | - | |
| andalusia/ | 23-Dec-2014 21:40 | - | |
| anniston/ | 23-Dec-2014 21:40 | - | |
| arab/ | 23-Dec-2014 21:40 | - | |
| athens/ | 23-Dec-2014 21:40 | - | |
| atmore/ | 23-Dec-2014 21:40 | - | |
| auburn/ | 23-Dec-2014 21:40 | - | |
| baileyton/ | 23-Dec-2014 21:40 | - | |
| bay-minette/ | 23-Dec-2014 21:40 | - | |
| bayou-la-batre/ | 23-Dec-2014 21:40 | - | |
| bessemer/ | 23-Dec-2014 21:40 | - | |
| birmingham/ | 23-Dec-2014 21:41 | - | |
| boaz/ | 23-Dec-2014 21:41 | - | |
| brantley/ | 23-Dec-2014 21:41 | - | |
| brewton/ | 23-Dec-2014 21:41 | - | |
| brundidge/ | 23-Dec-2014 21:41 | - | |
| cahaba-heights/ | 23-Dec-2014 21:41 | - | |
| calera/ | 23-Dec-2014 21:41 | - | |
| cedar-bluff/ | 23-Dec-2014 21:42 | - | |
| centre/ | 23-Dec-2014 21:42 | - | |
| chickasaw/ | 23-Dec-2014 21:42 | - | |
| childersburg/ | 23-Dec-2014 21:42 | - | |
| clanton/ | 23-Dec-2014 21:42 | - | |
| clay/ | 23-Dec-2014 21:42 | - | |
| collinsville/ | 23-Dec-2014 21:42 | - | |
| columbiana/ | 23-Dec-2014 21:42 | - | |
| crossville/ | 23-Dec-2014 21:42 | - | |
| cullman/ | 23-Dec-2014 21:42 | - | |
| dadeville/ | 23-Dec-2014 21:43 | - | |
| daleville/ | 23-Dec-2014 21:43 | - | |
| daphne/ | 23-Dec-2014 21:43 | - | |
| dauphin-island/ | 23-Dec-2014 21:43 | - | |
| decatur/ | 23-Dec-2014 21:43 | - | |
| delmar/ | 23-Dec-2014 21:43 | - | |
| demopolis/ | 23-Dec-2014 21:43 | - | |
| denver/ | 23-Dec-2014 21:43 | - | |
| dothan/ | 23-Dec-2014 21:44 | - | |
| enterprise/ | 23-Dec-2014 21:44 | - | |
| eufaula/ | 23-Dec-2014 21:44 | - | |
| evergreen/ | 23-Dec-2014 21:44 | - | |
| fairhope/ | 23-Dec-2014 21:44 | - | |
| fayette/ | 23-Dec-2014 21:44 | - | |
| florence/ | 23-Dec-2014 21:44 | - | |
| foley/ | 23-Dec-2014 21:44 | - | |
| fort-deposit/ | 23-Dec-2014 21:44 | - | |
| fort-payne/ | 23-Dec-2014 21:44 | - | |
| fultondale/ | 23-Dec-2014 21:44 | - | |
| fyffe/ | 23-Dec-2014 21:44 | - | |
| gadsden/ | 23-Dec-2014 21:45 | - | |

**13**

**EXHIBIT  C**

| | | |
|---|---|---|
| gardendale/ | 23-Dec-2014 21:45 | - |
| gaylesville/ | 23-Dec-2014 21:45 | - |
| geneva/ | 23-Dec-2014 21:45 | - |
| gilbertown/ | 23-Dec-2014 21:45 | - |
| goodwater/ | 23-Dec-2014 21:45 | - |
| gordo/ | 23-Dec-2014 21:45 | - |
| greenville/ | 23-Dec-2014 21:45 | - |
| guin/ | 23-Dec-2014 21:45 | - |
| gulf-shores/ | 23-Dec-2014 21:45 | - |
| guntersville/ | 23-Dec-2014 21:45 | - |
| hamilton/ | 23-Dec-2014 21:45 | - |
| hanceville/ | 23-Dec-2014 21:45 | - |
| hartselle/ | 23-Dec-2014 21:46 | - |
| headland/ | 23-Dec-2014 21:46 | - |
| heflin/ | 23-Dec-2014 21:46 | - |
| holly-pond/ | 23-Dec-2014 21:46 | - |
| hoover/ | 23-Dec-2014 21:46 | - |
| hueytown/ | 23-Dec-2014 21:46 | - |
| huntsville/ | 23-Dec-2014 21:46 | - |
| irondale/ | 23-Dec-2014 21:46 | - |
| jackson/ | 23-Dec-2014 21:46 | - |
| jacksonville/ | 23-Dec-2014 21:47 | - |
| jasper/ | 23-Dec-2014 21:47 | - |
| lanett/ | 23-Dec-2014 21:47 | - |
| leadville/ | 23-Dec-2014 21:47 | - |
| leeds/ | 23-Dec-2014 21:47 | - |
| lillian/ | 23-Dec-2014 21:47 | - |
| lincoln/ | 23-Dec-2014 21:47 | - |
| livingston/ | 23-Dec-2014 21:47 | - |
| loxley/ | 23-Dec-2014 21:47 | - |
| luverne/ | 23-Dec-2014 21:47 | - |
| madison/ | 23-Dec-2014 21:47 | - |
| marion/ | 23-Dec-2014 21:47 | - |
| midfield/ | 23-Dec-2014 21:47 | - |
| millbrook/ | 23-Dec-2014 21:47 | - |
| mobile/ | 09-Apr-2018 17:40 | - |
| monroeville/ | 23-Dec-2014 21:48 | - |
| montevallo/ | 23-Dec-2014 21:48 | - |
| montgomery/ | 23-Dec-2014 21:48 | - |
| montrose/ | 23-Dec-2014 21:48 | - |
| moulton/ | 23-Dec-2014 21:48 | - |
| mountain-brook/ | 23-Dec-2014 21:48 | - |
| muscle-shoals/ | 23-Dec-2014 21:48 | - |
| northport/ | 23-Dec-2014 21:48 | - |
| oak-hill/ | 23-Dec-2014 21:48 | - |
| oakman/ | 23-Dec-2014 21:48 | - |
| odenville/ | 23-Dec-2014 21:49 | - |
| oneonta/ | 23-Dec-2014 21:49 | - |
| opelika/ | 23-Dec-2014 21:49 | - |
| opp/ | 23-Dec-2014 21:49 | - |
| orange-beach/ | 23-Dec-2014 21:49 | - |
| oxford/ | 23-Dec-2014 21:49 | - |
| ozark/ | 23-Dec-2014 21:49 | - |
| pelham/ | 23-Dec-2014 21:49 | - |
| pell-city/ | 23-Dec-2014 21:49 | - |
| phenix-city/ | 23-Dec-2014 21:49 | - |
| piedmont/ | 23-Dec-2014 21:50 | - |
| point-clear/ | 23-Dec-2014 21:50 | - |
| pollard/ | 23-Dec-2014 21:50 | - |
| prattville/ | 23-Dec-2014 21:50 | - |

| | | |
|---|---|---|
| rainsville/ | 23-Dec-2014 21:50 | - |
| roanoke/ | 23-Dec-2014 21:50 | - |
| robertsdale/ | 23-Dec-2014 21:50 | - |
| russellville/ | 23-Dec-2014 21:50 | - |
| samson/ | 23-Dec-2014 21:50 | - |
| saraland/ | 23-Dec-2014 21:50 | - |
| sardis/ | 23-Dec-2014 21:50 | - |
| satsuma/ | 23-Dec-2014 21:50 | - |
| scottsboro/ | 23-Dec-2014 21:50 | - |
| shorter/ | 23-Dec-2014 21:50 | - |
| southside/ | 23-Dec-2014 21:50 | - |
| spanish-fort/ | 23-Dec-2014 21:50 | - |
| springville/ | 23-Dec-2014 21:50 | - |
| sulligent/ | 23-Dec-2014 21:50 | - |
| sylacauga/ | 23-Dec-2014 21:51 | - |
| talladega/ | 23-Dec-2014 21:51 | - |
| tallassee/ | 23-Dec-2014 21:51 | - |
| theodore/ | 23-Dec-2014 21:51 | - |
| thomasville/ | 23-Dec-2014 21:51 | - |
| town-creek/ | 23-Dec-2014 21:51 | - |
| troy/ | 23-Dec-2014 21:51 | - |
| trussville/ | 23-Dec-2014 21:51 | - |
| tuscaloosa/ | 23-Dec-2014 21:52 | - |
| tuskegee/ | 23-Dec-2014 22:46 | - |
| union-springs/ | 23-Dec-2014 21:52 | - |
| valley/ | 23-Dec-2014 21:52 | - |
| vernon/ | 23-Dec-2014 21:52 | - |
| vestavia-hills/ | 23-Dec-2014 21:52 | - |
| wallagrass/ | 23-Dec-2014 21:52 | - |
| wedowee/ | 23-Dec-2014 21:52 | - |
| wetumpka/ | 23-Dec-2014 21:52 | - |
| winfield/ | 23-Dec-2014 21:52 | - |

# Index of /images/states/alabama/cities/mobile

| Name | Last modified | Size | Description |
|------|---------------|------|-------------|
| Parent Directory | | - | |
| alabamabattleship.jpg | 23-Dec-2014 21:47 | 11K | |
| bartonacademy.jpg | 23-Dec-2014 21:47 | 102K | |
| battleship-mobile .jpg | 23-Dec-2014 21:47 | 26K | |
| cathedralbasilica.jpg | 23-Dec-2014 21:47 | 52K | |
| cemetery-mobile.JPG | 23-Dec-2014 21:47 | 1.1M | |
| charlenecharming.jpg | 23-Dec-2014 21:47 | 18K | |
| cityview.jpg | 23-Dec-2014 21:47 | 147K | |
| colonialbellairmall.jpg | 23-Dec-2014 21:47 | 39K | |
| communitycollege.jpg | 23-Dec-2014 21:47 | 46K | |
| cottoncityantiquemal..> | 23-Dec-2014 21:47 | 27K | |
| flora.jpg | 23-Dec-2014 21:47 | 58K | |
| fortgaines.jpg | 23-Dec-2014 21:47 | 6.6K | |
| fortiscollege.jpg | 23-Dec-2014 21:47 | 15K | |
| garden.jpg | 23-Dec-2014 21:47 | 92K | |
| grandcentral.jpg | 23-Dec-2014 21:47 | 13K | |
| gulfcoastexploreum.jpg | 23-Dec-2014 21:47 | 104K | |
| hopjacksmobile.jpg | 23-Dec-2014 21:47 | 65K | |
| island.JPG | 23-Dec-2014 21:47 | 34K | |
| langanpark.jpg | 23-Dec-2014 21:47 | 18K | |
| martinislounge.jpeg | 23-Dec-2014 21:48 | 11K | |
| mobile-2-5-0-_-st-an..> | 23-Dec-2014 21:48 | 285K | |
| mobile-_-alabama-i--..> | 23-Dec-2014 21:48 | 121K | |
| mobile-_-marine-hosp..> | 23-Dec-2014 21:48 | 155K | |
| mobile-_-public-libr..> | 23-Dec-2014 21:48 | 216K | |
| mobile-alabama-_-cru..> | 23-Dec-2014 21:48 | 97K | |
| mobile-bienville-_-0..> | 23-Dec-2014 21:48 | 514K | |
| mobile-cathedral---b..> | 23-Dec-2014 21:48 | 325K | |
| mobile-city.gif | 23-Dec-2014 21:48 | 68K | |
| mobile-cruise.jpg | 23-Dec-2014 21:48 | 27K | |
| mobile-dauphin-_-str..> | 23-Dec-2014 21:48 | 267K | |
| mobile-government-_-..> | 23-Dec-2014 21:48 | 143K | |
| mobile-spring-_-hill..> | 23-Dec-2014 21:48 | 130K | |
| mobile-u-s-_-alabama..> | 23-Dec-2014 21:48 | 137K | |
| mobile-u-s-a-jaguars..> | 23-Dec-2014 21:48 | 96K | |
| mobilecarnivalmuseum..> | 23-Dec-2014 21:48 | 12K | |
| museumart.jpg | 23-Dec-2014 21:48 | 94K | |
| oldcityhall.jpg | 23-Dec-2014 21:48 | 52K | |
| park_yyy.jpg | 23-Dec-2014 21:48 | 195K | |
| pincusbuildinghistor..> | 23-Dec-2014 21:48 | 15K | |
| rsabank.JPG | 23-Dec-2014 21:48 | 65K | |
| rsabattlehouse.jpg | 23-Dec-2014 21:48 | 14K | |
| sea.jpg | 23-Dec-2014 21:48 | 53K | |
| shepardhouse.JPG | 23-Dec-2014 21:48 | 188K | |
| somequietmoments.jpg | 23-Dec-2014 21:48 | 11K | |
| springhillcollege.jpg | 23-Dec-2014 21:48 | 23K | |
| springscenefrom.jpg | 23-Dec-2014 21:48 | 12K | |
| squarecitypark.jpg | 23-Dec-2014 21:48 | 21K | |
| tangeroutletcenter.jpg | 23-Dec-2014 21:48 | 11K | |
| uss-alabama.jpg | 23-Dec-2014 21:48 | 17K | |

**16**

**EXHIBIT    C**

1  Paul D. Supnik [SBN 52842]
2  Email:  paul@supnik.com
   9401 Wilshire Blvd., Suite 1250
3  Beverly Hills, CA 90212
   Telephone: 310-859-0100
4  Facsimile: 310-388-5645

5  Attorney for Defendant
6  WILMOTT STORAGE SERVICES, LLC

7

8                  UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10                      WESTERN DIVISION

11

| | |
|---|---|
| RICHARD N. BELL, | Case No. 2:18-cv-07328-CBM (MRWx) |
| Plaintiff, | Hon. Consuelo B. Marshall |
| vs. | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CROSS-MOTION FOR SUMMARY JUDGMENT BY DEFENDANT WILMOTT STORAGE SERVICES, LLC** |
| WILMOTT STORAGE SERVICES, LLC; etc. et al. | |
| Defendants. | Hearing Date:  May 28, 2019<br>Hearing Time:  10:00 am |
| | Location:  Courtroom 8<br>Complaint filed:  August 21, 2018<br>Pretrial Conf:  October 22, 2019<br>Trial Date:  November 12, 2019 |

1

ER000060

## I.   INTRODUCTION

Defendant WILMOTT STORAGE SERVICES, LLC (WILMOTT) moves for summary judgment on grounds that infringement is not actionable as it is *de minimus,* and on its affirmative defenses of:

- Fair use; and
- Statute of limitations

The first question that might be asked is why?  Why was this lawsuit brought?  Why should this Court expend its limited resources on this matter?  Why should the parties have to incur attorney's fees in litigating this matter?  Possibly the answer might be that plaintiff hoped that it would ultimately find actionable copyright infringement.  That has not occurred.

Defendant WILMOTT STORAGE SERVICES, LLC (WILMOTT) acknowledges that the Indianapolis Photo BELL contends is infringing resided on the defendant's web server (though the image file has been taken down).  The image was not readily accessible and not readily locatable by the public.  The image has been essentially been a dormant file.  [GOESON   decl. at ¶ 12; TULLO decl. at ¶¶5, 9] BELL's claim at most relates to *de minimus* use of plaintiff's work. It was a trivial violation and not actionable.  Even if it was actionable, it fair use as a matter of law under the Fair Use provisions, 17 U.S.C .§ 107 of the Copyright Act.  See *Ringgold v. Black Entertainment Television, Inc.*, 126 F.3d 70, 74-77 (2d Cir. 1997)(dictum).

The legal maxim of *de minimis non curat lex* applies to copyright actions no less than to other branches of the law. Accordingly, as explored in a separate section, for similarity to be substantial, and hence actionable, it must apply to more than simply a *de minimis* use.

In addition, and alternatively, WILMOTT contends that any use made of defendant's image was fair use as a matter of law when analyzed under 17 USC

1    107 of the Copyright Act.

2         Finally, WILMOTT also contends that the statute of limitations has passed

3    as a matter of law for its copyright infringement claim.

4         Only recently did it become apparent that the Indianapolis Photo apparently

5    was not on a webpage of WILMOTT's website but only dormant on its server for

6    the website.  [See GOESON decl. ¶ ¶ 8-11; TULLO decl. at  ¶ ¶ 4-9] at  For

7    purposes of this brief, the website is conceptually defined as what the ordinary

8    consumer user of the website will use in a normal way to find information about

9    various locations in the United States.  The website has web pages visible to the

10   consumer and will typically include text and images.  The web server is intended

11   to mean a computer which is used to store information and files including image

12   files which are sent to web pages of the website which have links to files on the

13   server.  [See GOESON decl. ¶2, 8]

14        The level of access of the image for the public is virtually non-existent.

15   Consider the following analogy.  Assume one has a house with a glass front

16   window.  The owner leaves a diary which is normally private, open to a page

17   with information that she would prefer not to publicly share. Normally, no one is

18   going to be able to see that information just because it is left on a table exposed

19   to a window looking out to the street. But if someone else has a high-powered

20   telescope or binoculars and is already aware that the diary is on the table, that

21   person could peer through the window and observe what was on the open page of

22   the diary. However, the homeowner has at least some expectation of privacy that

23   this type of action will not occur and is unlikely to occur. It is not as if the diary

24   is laying on the sidewalk in front of the house for someone to pick up and peruse.

25        The type of visibility of the image on the server but not on the webpage is

26   somewhat similar. Granted this is not an exact analogy, but it serves to show that

27   voluntary exposure of the image does not exist – there is no intention for the

28

3

ER000062

Indianapolis Photo image to appear on a page of the website visible to the public. And there is no practical ability for the public to be able to see the image on a dormant file on the web server which is not linked to be served up to a web page.

## II.  FACTUAL BACKGROUND

    A. **Documentary Evidence Presented by Plaintiff in its summary judgment motion concurrently set for hearing.**

    Bell's documentary evidence includes:

- Bell's Indianapolis Photo
- Image of a pinpoint URL of the file park.jpg from www.visitusa.com in April 2018 found by Mr. Bell using Google Images (images.google.com)[BELL decl. at ¶ 9]
- Email to Mr. Tullo telling WILMOTT that it is infringing the Indiana Photo.
- Image showing the digital file park_yyy.jpg appearing at a pinpoint URL of visitusa.com. [BELL decl. at ¶18]
- 2013 image capture from archive.org of a 2013 webpage of visitusa.org which does not show the Indianapolis Photo.  [BELL decl. at ¶ 25, EX. I]

**Declarations submitted by Plaintiff in its summary judgment motion concurrently set for hearing.**

The declarants in that motion are:

- Richard N. Bell, plaintiff
- Ryan Hamilton, attorney for the plaintiff

**Declarations submitted by WILMOTT in plaintiff's concurrently scheduled motion and in this cross-motion.**

- Jeffrey Goeson, non-retained expert and percipient witness
- Jonathan Tullo, representative for WILMOTT

4

ER000063

> (a) Motion for Summary Judgment or Partial Summary Judgment. A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a).

Judgment must be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court cannot deny a motion for summary judgment unless the evidence demonstrated that there is a dispute about a material fact. Fed. R. Civ. P. 56(e).

The mere existence of a "scintilla of evidence" to support the nonmoving party's side will not be sufficient to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Rather, there must be sufficient evidence upon which a jury could properly base a verdict, taking into account the parties' respective burdens of proof. Id.

BELL cannot show that WILMOTT's acts has exceeded the threshold of actionable infringement nor negate the defenses of fair use or statute of limitations.

## B.   PLAINTIFF BELL CANNOT PROVE ACTIONABLE COPYRIGHT INFRINGEMENT SINCE WILMOTT'S CLAIMED ACTS ARE DE MINIMUS.

The qualitative aspects of WILMOTT's acts do not rise to the level of copyright infringement as they are *de minimus.* The *de minimus* doctrine is rarely discussed in copyright opinions because suits are rarely brought over

ER000064

trivial instances of copyright.  See *On Davis v. The Gap, Inc.*, 246 F.3d 152, 173 (2d Cir. 2001)(though *de minimus* copying was held not to apply in that particular set of facts).  Judge Leval there discusses *de minimus* copying:

> "Parents in Central Park photograph their children perched on Jose de Creeft's Alice in Wonderland sculpture. We record television programs aired while we are out, so as to watch them at a more convenient hour. Waiters at a restaurant sing "Happy Birthday" at a patron's table. When we do such things, it is not that we are breaking the law but unlikely to be sued given the high cost of litigation. Because of the de minimis doctrine, in we are in fact not breaking the law. If a copyright owner were to sue the makers of trivial copies, judgment would be for the defendants. The case would be dismissed because trivial copying is not an infringement."

See *Davis v. The Gap, Inc.,* 246 F.3d at 173 (2d Cir. 2001) cited in Nimmer on Copyright, § 8.01[G] at 8-28; *Ringgold v. Black Entertainment Television, Inc.,* 126 F. 3d 70, 74-76 (2d Cir. 1997)(pointing out that Judge Leval has observed that fact patterns are rarely litigated illustrating this use of the phrase).

Defendant's WILMOTT's activity here is *de minimus*.  It existed dormant on a computer server.  WILMOTT was not even aware of its existence until it was brought to its attention by plaintiff.  It could not be found by the public absent extraordinary abilities to determine the hierarchical structure of the web site file structure, or more likely, have the actual pinpoint URL or already have the image searched in order to find the same image on the web server.  When compared to the examples similar to those suggested by Judge Leval, it seems even less culpable than singing "Happy Birthday" at a restaurant patron's table (even if that song were still subject to copyright protection), photographing children in a park next to a famous statue subject to copyright protection, or recording a television program on TIVO for time shifting purposes.

ER000065

There is no evidence of the Indianapolis Photo appearing on a web page of the website but only on a server for the website, and thus none of the otherwise implicated exclusive rights of copyright, that of reproduction, distribution or publication are actionable.  [GOESON decl. at ¶¶9, 12; TULLO decl. at ¶¶6, 9; SUPNIK decl. at ¶4]

Recognition of the doctrine of *de minimus non curat lex* in copyright cases for low level uses of images does appear in some case law.  In the right circumstance, It is not simply just the amount of the image used but the manner in which the image is used.  Here, we have no further evidence other than the image only appeared on the server.  [GOESON decl. at ¶¶3-11, TULLO decl. at ¶¶4-6, 9; SUPNIK decl. at ¶¶1-6] The limited nature of the copying fits that limited *de minimus* doctrine.  See *Knickerbocker Toy Co. v. Azrak-Hamway Intern.*, 668 F. 2d 699, 702, 703 (2d Cir. 1982).  There, a blister card containing an otherwise infringing image produced by the defendant was obtained during discovery.  Evidenced showed that the card was used as a sample to position artwork and that a totally different illustration would be used for the production run of the card.  Judge Stewart found that the blister card was only an office copy that was never used.  This copyright infringement claim was dismissed on the ground that the infringement was *de minimus*.  That is analogous to the situation here.  The pinpoint URL of the Indianapolis Photo was never used on a webpage. [TULLO decl. at ¶¶ 6, 8, 9]   See *Ringgold v. Black Entertainment Television, Inc.,* 126 F. 3d 70 (2d Cir. 1997)(*de minimis* concept useful in insulating trivial types of copying from liability (the photocopied cartoon on the refrigerator) and in marking the quantitative threshold for actionable copying); *Sandoval v. New Line Cinema Corp.*, 147 F.3d 215, 216-17 (2d Cir. 1998)(timing a factor); *Gottlieb Dev. LLC v. Paramount Pictures Corp.,* 590 F. Supp. 2d 625, 632-33 (S.D.N.Y. 2008)(timing also a factor).  Although these last two cases focused on

11

time of otherwise infringing material in motion pictures, it is really the character of the use overall that must have been considered in that decision.  The character of the use here is the image file residing dormant on a server without any evidence of exploitation.

The acts which Mr. Bell contends infringe is so attenuated so as to be *de minimus*.  The public could not do a search for "Mobile Alabama Park" to have found the Indianapolis Photo on Google or Google Images Search. Only if the searcher knows the specific file name and pinpoint URL or already has a physical or digital copy of the Indianapolis Photo, can the image be found. The Ninth Circuit has upheld summary judgment for *de minimus* use of a copyrighted work in different contexts.  *Newton v. Diamond,* 349 F.3d 591, 388 F. 3d 1189 (9th Cir. 2004)(use of a sample of Beatie Boys musical composition of the sound recording of "Choir" was a *de minimus* use of the "Choir" composition and therefore was not actionable).  Other courts have followed this.  *Calkins v. Playboy Enterprises Intern., Inc.*, 561 F. Supp. 2d 1136 (E.D. Cal. 2008), 388 F.3d 1189 (2004)(photograph from yearbook used in Playboy Magazine dismissed on the grounds of fair use).

Courts dismiss copyright cases under the doctrine of *de minimis non curat lex* where any copying of protected matter is trivial.  See the discussion in *Ringgold v. Black Entertainment Television, Inc.*, 126 F.3d 70, 74 (2d Cir. 1997). *On Davis v. The Gap, Inc.*, 246 F. 3d 152, 172-73 (2d Cir. 2001); *American Geophysical Union v. Texaco, Inc.*, 60 F.3d 913, 916 (2d Cir.1994) (suggesting that if photo-copying for individual use in research is *de minimus*, it would not constitute an infringement).

### C.  WILMOTT HAS ESTABLISHED ITS FAIR USE DEFENSE AS A MATTER OF LAW.

Pursuant to 17 U.S.C. § 107, "the fair use of a copyrighted work … is not

ER000067

Paul D. Supnik [SBN 52842]
Email:  paul@supnik.com
9401 Wilshire Blvd., Suite 1250
Beverly Hills, CA 90212
Telephone: 310-859-0100
Facsimile: 310-388-5645

Attorney for Defendant
WILMOTT STORAGE SERVICES, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RICHARD N. BELL,<br><br>              Plaintiff,<br><br>       vs.<br><br>WILMOTT STORAGE SERVICES,<br>LLC; and DOES 1-100 and ROE<br>Corporations I-X inclusive,<br><br>              Defendants. | Case No. 2:18-cv-07328-CBM (MRWx)<br><br>Hon. Consuelo B. Marshall<br><br>**FIRST AMENDED ANSWER**<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

This case claims copyright infringement by the existence of a single image which appeared on a travel website or server for the website consisting of hundreds of images. Once notice of the alleged infringement was presented to defendant WILMOTT STORAGE SERVICES, LLC ("WILMOTT"), it requested the immediate removal of the alleged conflicting image file. Defendant at the present time believes that  (1) the computer file name for the image on the server was changed so as not to be readily visible or accessible to

1

the general public, assuming that there was indeed a link to that file on the webpage, or  (2) the file was removed from the website server.  WILMOTT contends the image existed on the travel website server prior to the Plaintiff's copyright registration date, and thus Plaintiff forfeited its ability to claim statutory damages or attorney's fees, even if it were successful in this litigation.

Defendant WILMOTT STORAGE SERVICES, LLC admits, denies and alleges as follows:

1.  WILMOTT is without sufficient information as to whether the Plaintiff took a photograph of the Indianapolis skyline in 2000 and whether the Indianapolis photo was registered with the U.S. Copyright Office. WILMOTT admits that a photograph of EXHIBIT A appeared on a Wilmott website server but is without sufficient knowledge as to whether or not the image was published on the website, WILMOTT had any rights or authority to publish the photograph and on that basis denies these allegations. WILMOTT denies that Plaintiff has been damaged in any manner for violations of the Lanham Act, the U.S. Copyright laws or in any other manner.

2.  WILMOTT admits that this is an action for copyright infringement, that this court has subject matter jurisdiction but otherwise denies all other allegations of paragraph 2 of the Complaint.

**JURISDICTION AND VENUE.**

3. WILMOTT acquiesces in personal jurisdiction but otherwise denies the allegations of paragraph 3 of the Complaint.

ER000069

4.  WILMOTT acquiesces in venue but otherwise denies all other allegations in paragraph 4 of the Complaint.

### PARTIES

5.  Defendant WILMOTT is without sufficient knowledge to admit or deny the allegations of paragraph 5 of the Complaint and on that basis denies the allegations therein.

6.  Defendant WILMOTT STORAGE SERVICES, LLC denies that it conducts sufficient business in this district to warrant jurisdiction, admits that it has a website with the domain name of http://www.visitusa.com, but denies all other allegations set forth in paragraph 6 of the Complaint.

### FACTS

7.  WILMOTT is without sufficient knowledge to admit or deny the allegations of paragraph 7 of the Complaint and on that basis denies the allegations therein.

8.  WILMOTT is without sufficient knowledge to admit or deny the allegations of paragraph 8 of the Complaint and on that basis denies the allegations therein.

9. WILMOTT is without sufficient knowledge to admit or deny the allegations of paragraph 9 of the Complaint on and on that basis denies the allegations therein.

ER000070

10. WILMOTT is without sufficient knowledge to admit or deny the allegations of paragraph 10 of the Complaint and on that basis denies the allegations therein.

11. WILMOTT admits that the complained of photo appears to have been registered on August 4, 2011 with the United States Copyright Office and assigned registration number VA 0001785115, but denies all other allegations therein.

12. WILMOTT denies all allegations in paragraph 12 of the Complaint.

13. WILMOTT is without knowledge without sufficient knowledge to admit or deny the allegations of paragraph 13 of the Complaint and on that basis denies the allegations therein.

<div align="center">

**CLAIM FOR RELIEF**
**PURPORTED COPYRIGHT INFRINGEMENT**

</div>

14. WILMOTT admits that it has a domain name http://www.visitusa.com and has that the Indianapolis Photo appeared at one time on the website or website server, but denies all other allegations therein.

15. WILMOTT denies the allegations of paragraph 15 of the Complaint.

16. WILMOTT denies the allegations of paragraph 16 of the Complaint.

17. WILMOTT denies the allegations of paragraph 17 of the Complaint.

4

1

2          18.  WILMOTT is without sufficient knowledge to admit or deny the

3   allegations of paragraph 18 of the Complaint and on that basis denies the

4   allegations therein.

5

6          19.  WILMOTT denies the allegations of paragraph 19 of the Complaint,

7   except that it admits that a copyright notice does appear on its website and is

8   without sufficient knowledge or belief as to whether or not it had any permission

9   or authorization for use of the photograph, as the website was acquired from a

10  third party.

11

12         20.  WILMOTT is investigating the date of first publication, if any, and

13  denies the remaining allegations in paragraph 20 of the Complaint.

14

15         21.  WILMOTT denies the allegations of paragraph 21 of the Complaint.

16

17         22.  WILMOTT admits it has a copyright notice on its website but denies

18  that the copyright notice was directed to any particular photograph and denies

19  that the notice implies that WILMOTT owns copyright to the Indianapolis Photo

20  and otherwise denies all other allegations of paragraph 22 of the Complaint.

21

22         23.  Defendant denies that it has any liability for payment in connection

23  with the Indianapolis Photograph and admits that it did not directly paid for use

24  of that Photograph, but otherwise is without sufficient information to further

25  admit or deny this allegation and on that basis denies the allegations of paragraph

26  23 of the Complaint.

27

28

5

24.  WILMOTT denies the allegations of paragraph 24 of the Complaint.

25.  WILMOTT alleges that it expressly requested that the complained of image file be taken off the Website when it was so notified, denies that the URL identified in the complaint is reasonably called a "website"  and otherwise denies all other allegations of paragraph 25 of the Complaint.

26.  WILMOTT denies the allegations of paragraph 26 of the Complaint.

27. WILMOTT denies the allegations of paragraph 27 of the Complaint.

28.  WILMOTT denies the allegations of paragraph 28 of the Complaint.

29.  WILMOTT is without knowledge sufficient knowledge to admit or deny the allegations of paragraph 29 of the Complaint and on that basis denies the allegations therein.

30. WILMOTT is without sufficient knowledge to omit or deny the allegations of paragraph 30 of the Complaint and on that basis denies the allegations therein.

31. WILMOTT denies the allegations of paragraph 31 of the Complaint.

32. WILMOTT admits the Plaintiff is seeking damages for WILMOTT's alleged use of Plaintiff's advertising idea comprising the Indiana Annapolis, but denies there is any such liability which accrues to plaintiff therefrom in fact or

ER000073

law or that WILMOTT it is liable for any such damages whatsoever as alleged in paragraph 32 of the Complaint.

33.  WILMOTT denies the allegations of paragraph 33 of the Complaint.

34. . WILMOTT denies the allegations of paragraph 34 of the Complaint.

35.  WILMOTT denies the allegations of paragraph 35 of the Complaint.

36.  WILMOTT denies the allegations of paragraph 36 of the Complaint including each of subparagraphs a., b., c., d. and e.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (De Minimus)

Defendants allege that even if valid, Plaintiff intellectual property rights were not infringed by the acts of defendant Wilmott and even if there was such infringement, which is expressly denied herein, any such infringement was *de minimus.*

### SECOND AFFIRMATIVE DEFENSE
### (Right To Statutory Damages Has Been Forfeited)

Plaintiff is not entitled statutory damages against defendant WILMOTT as Plaintiff is believed to have failed to register his work with the Copyright Office prior to any use by the owner prior to defendant WILMOTT of the website visitusa.com.

7

1

2 **THIRD AFFIRMATIVE DEFENSE**

3 **(Attorneys Fees Forfeited)**

4     If attorney's fees were available to Plaintiff, WILMOTT believes that they

5 were forfeited for failure to register Plaintiff's claim for copyright prior to the

6 initial use of the image by the prior owner of visitusa.com.

7

8 **FOURTH AFFIRMATIVE DEFENSE**

9 **(Innocent Infringement)**

10     If there were any infringement by WILMOTT, and if Plaintiff were entitled

11 to statutory damages, which WILMOTT denies, it was innocent infringement

12 warranting at the most $200 under 17 USC 504(c)(2).

13

14 **FIFTH AFFIRMATIVE DEFENSE**

15 **(Unclean Hands)**

16     Plaintiff's claim is barred by the doctrine of unclean hands.

17

18 **SIXTH AFFIRMATIVE DEFENSE**

19 **(Statute Of Limitations)**

20     Plaintiff's claims are barred by the applicable statute of limitations.

21

22 **SEVENTH AFFIRMATIVE DEFENSE**

23 **(Laches)**

24     Plaintiff's claims are barred by the doctrine of laches.

25

26 **EIGHTH AFFIRMATIVE DEFENSE**

27 **(Innocent Use)**

28

ER000075

Any infringement or misappropriation of any of Plaintiff's claimed intellectual property rights, which is expressly denied by WILMOTT, and any unfair competition, which is also expressly denied by WILMOTT, was innocent and not willful.

### NINTH AFFIRMATIVE DEFENSE
### (Actual Author Not Identified)

Plaintiff is not the author of the subject work for registration identified in the copyright registration is not enforceable.

### TENTH AFFIRMATIVE DEFENSE
### (Fair Use)

Any of use of Plaintiff's copyrighted work constitutes fair use.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Transformative)

To the extent that the work was used, it was used in a transformative manner.

### TWELFTH AFFIRMATIVE DEFENSE
### (Insufficient Authorship)

Plaintiff's claim for copyright lacks sufficient protectable expression to warrant copyright protection

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Defective Registration)

The registration upon which this claim is brought is defective on one or more bases and is therefore void.

ER000076

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Damages Speculative)

The damages sought by Plaintiff are entirely speculative and therefore are barred.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (No Irreparable Harm)

Plaintiff is not irreparably harmed as a result of any future actions by WILMOTT.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Some or all of Plaintiff's claims bar Plaintiff's damages, if any, or be limited by virtue of Plaintiff's failure to mitigate its damages, if any.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Plaintiffs Complaint fails to state a claim upon which relief can be granted.

**PRAYER FOR RELIEF**

WHEREFORE, defendants pray for relief and judgment against Plaintiff as follows:

(1) For an order declaring that defendant WILMOTT has not infringed any copyright or other right of Plaintiff;

(2) That defendants take nothing by way of this Complaint.

(3) For defendants' expenses and attorney fees pursuant to 17 U.S.C. Section 505 and 15 U.S.C. 1117(a)

ER000077

(4) For such other and further relief as the court deems just equitable and
proper.

Respectfully submitted,

/s/

Dated:  March 8, 2019   By:  _____
PAUL D. SUPNIK
Attorney for Defendant
WILMOTT STORAGE SERVICES, LLC

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rules of Civil Procedure 38(b), defendants and each
of them demand a trial by jury on all issues.

Respectfully submitted,

/s/

Dated:  March 8, 2019         By:  _____
PAUL D. SUPNIK
Attorney for Defendant
WILMOTT STORAGE SERVICES, LLC

ER000078

1  Ryan A. Hamilton
2  CA BAR NO. 291349
   HAMILTON LAW
3  5125 S. Durango Dr., Ste. C
   Las Vegas, NV 89113
4  (702) 818-1818
   (702) 974-1139 (fax)
5  ryan@hamlegal.com
6  *Attorney for the Plaintiff*

**FILED**
**CLERK, U.S. DISTRICT COURT**

MARCH 12, 2019

**CENTRAL DISTRICT OF CALIFORNIA**
**BY:** _____ YS _____ **DEPUTY**

7              **UNITED STATES DISTRICT COURT**
             **CENTRAL DISTRICT OF CALIFORNIA**
8                   **WESTERN DIVISION**

9    RICHARD N. BELL,

10                          Plaintiff,          Case No.: 2:18-CV-07328-CBM-
11                                              MRW
     vs.
12

13   WILMOTT STORAGE SERVICES,
     LLC; IADVANTAGE, LLC and DOES       **FIRST AMENDED**
14   1-100 and ROE Corporations I-X      **COMPLAINT**
15   inclusive,

16                          Defendant.

17

18        Plaintiff Richard N. Bell ("Plaintiff"), by and through counsel, Ryan Hamilton
19
     of Hamilton Law, LLC, alleges the following:
20
21                        **SUMMARY OF LAWSUIT**

22   1.    The Plaintiff, Richard N. Bell, took a photograph of the Indianapolis Skyline

23   in 2000 and the "Indianapolis Photo" was registered with the U.S. Copyright office.

24   In 2018, the Plaintiff discovered that the Defendant WILMOTT STORAGE

25   SERVICES, LLC ("WILMOTT") had published the "Indianapolis Photo" ("Exhibit

1

ER000079

A") in advertising which appears on a website owned by Defendant WILMOTT, even though the Defendant had no rights or authority to publish the Indianapolis Photo. The Plaintiff requests damages against Defendant WILMOTT for violations of the Lanham Act and U.S. Copyright laws.

### JURISDICTION AND VENUE

2.      This copyright infringement action arises under 17 U.S.C. § 101 et seq. This Court has jurisdiction over this action under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338 (acts of Congress related to copyright and Lanham Act).

3.       This Court has personal jurisdiction over the Defendant by virtue of its transacting, doing, and soliciting business in this District, and because a substantial part of the relevant events occurred in this District and because a substantial part of the property that is the subject of this action is situated here.

4.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; and/or conduct business in this district.

### PARTIES

5.      The Plaintiff, Richard N. Bell is an attorney and a professional photographer and lives in McCordsville, Indiana.

6.      Defendant WILMOTT STORAGE SERVICES, LLC ("WILMOTT") has conducted and does conduct business in this district.  WILMOTT created a website

2

ER000080

with the domain name of  http://www.visitusa.com for its business. WILMOTT

advertises it does business in this district. (See Exhibit B).

7.     Defendant IADVANTAGE, LLC. has conducted and does business in this

district.

## FACTS

8.     In March 2000, the Plaintiff, a United States citizen, took a photograph of the

downtown Indianapolis skyline from overlooking the canal from St. Clair Avenue.

9.      The photograph is an original work that is copyrighted under United States

law.  A copy of the photo is attached as Exhibit A, hereinafter referred to as

"Indianapolis Photo".

10.     Since March 2000, the Plaintiff has either published or licensed for

publication all copies of the Indianapolis Photo in compliance with the copyright

laws and has remained the sole owner of the copyright.

11.     Indianapolis Photo was first published on the World Wide Web on August 29,

2000 by the Plaintiff's account on Web shots. It was recently published on a website

created by the Plaintiff under the domain name: www.richbellphotos.com

12.     The "Indianapolis Photo" was registered on August 4, 2011 with the United

States Copyright Office and assigned Registration Number VA0001785115.

13.     Plaintiff has used the Indianapolis Photo in advertising to such an extent that

the Indianapolis Photo is identified by the public as being created by the Plaintiff.

ER000081

14.     Plaintiff has used the Indianapolis Photo in advertising to promote his photography business.

### CLAIM FOR RELIEF

### COPYRIGHT INFRINGEMENT (as to all Defendants)

15.     Defendant WILMOTT purchased a website with the domain name of http://www.visitusa.com from Defendant iAdvantage, LLC.

16.     To promote and advertise Defendants' business in Indianapolis, Defendants used the Indianapolis Photo on said website. (Exhibit B Screen Shot of Infringement)

17.     Defendants used the Indianapolis Photo to draw or attract prospective customers to Defendants' businesses.

18.     Defendants are liable to Plaintiff because they had the right and ability to control and supervise the content of and to control and supervise the access of third-party Internet users to that website.

19.     Upon information and belief, the Defendants downloaded or took the Indianapolis Photo from the internet without permission from the owner.

20.     On April 5, 2018, the Plaintiff discovered through the computer program Google Images that the website of Defendant contained the Indianapolis Photo at http://www.visitusa.com/images/states/alabama/cities/mobile/park.jpg and was visible to world viewers on April 5, 2018. (Exhibit B Screen Shot of Infringement)

4

ER000082

21.     Defendants did not disclose the source of the stolen Indianapolis Photo or otherwise confer credit to the owner; instead, Defendants willfully and recklessly falsely claimed that they owned the copyrights of all images and photos contained on the website of http://www.visitusa.com/images/states/alabama/cities/mobile/park.jpg including Indianapolis Photo by adding copyright notice "Copyright © 2014 visitUSA. All Rights Reserved. The website of Defendants published the Indianapolis Photo for its commercial use without paying for said use and without obtaining the necessary authorization from the Plaintiff, the copyright owner.

22.     While the Defendants will know the exact date of first publication, based upon the Plaintiff's investigation, during the year 2018, Defendant began publishing the Indianapolis Photo and used the Indianapolis Photo for its commercial use without paying for said use and without obtaining the necessary authorization from the Plaintiff in approximately in 2018 and continues to publish the Indianapolis Photo.

23.     Defendant WILMOTT STORAGE SERVICES, INC. maintains that Defendant iADVANTAGE, LLC published the Indianapolis Photo on the website before Defendant WILMOTT STORAGE SERVICES, INC. purchased the website in December 2012.

ER000083

24.    The Defendants knew they did not own Indianapolis Photo and knew the Defendants had not obtained the rights to publish the Indianapolis Photo, but recklessly and falsely represented to the world otherwise.

25.    Defendants have not paid Plaintiff for the right to publish the Indianapolis Photo, but instead fraudulently declared that they owned the copyrights to the Indianapolis Photo by adding their own copyright notice "Copyright © 2014 visitUSA. All Rights Reserved."

26.    Defendants refused to pay for the unauthorized use of Indianapolis Photo.

27.    Defendants have not agreed be enjoined from using the Indianapolis Photo.

28.    After Defendants published the Indianapolis Photo, Defendants permitted third parties to access to the webpage http://www.visitusa.com/images/states/alabama/cities/mobile/park.jpg and copy the Indianapolis Photo to third party Internet User's computers.

29.    Defendants are vicariously liable for each such downloaded copy of the Indianapolis Photo initiated by each third-party Internet User regardless of whether Defendants were aware that the third party was creating the downloaded copy.

30.    Defendants are liable for all profits resulting from each downloaded copy of the Indianapolis Photo created by each such third-party Internet User.

31.    Defendants are liable for copyright infringement regardless of whether Defendants knew that any use of the Indianapolis Photo would infringe copyrights Plaintiff owns.

6

32.     Plaintiff has complied in all respects with 17 U.S.C. §§ 101 et seq., and secured the exclusive rights and privileges in and to the copyrights of the above-referenced works.

33.     Plaintiff has been and still is the sole proprietor of all rights, title, and interest in and to the copyrights in their respective works as referenced above.

34.     Defendants' conduct violates the exclusive rights belonging to Plaintiff as owner of the copyrights, including without limitation Plaintiff's rights under 17 U.S.C. § 106.

35.     Plaintiff seeks damages for Defendants' use of Plaintiff's advertising idea comprising the Indianapolis Photo.

36.     On information and belief, Plaintiff alleges that, as a direct and proximate result of their wrongful conduct, Defendants have realized and continues to realize profits and other benefits rightfully belonging to Plaintiff. Accordingly, Plaintiff seek an award of damages pursuant to 17 U.S.C. §§ 504 and 505; and 15 U.S.C. § 1125(a).

37.     Defendants' infringing conduct has also caused and is causing substantial and irreparable injury and damage to Plaintiff in an amount not capable of determination, and, unless restrained, will cause further irreparable injury, leaving the Plaintiff with no adequate remedy at law.

38.     Defendants have willfully and deliberately engaged in, and, is willfully engaging in, the acts complained of with oppression, fraud, and malice ("Acts") and

7

in conscious disregard of the rights of Plaintiff. Plaintiff is, therefore, entitled to the maximum statutory damages allowable.

39.   Examples of these willfully and deliberately Acts, include but not limited to the following:

     a.   Defendants downloaded or took the Indianapolis Photo from the internet and included said photo on the Defendants' website.

     b.   Defendants failed to designate the source of the stolen Indianapolis Photo or otherwise confer credit to the owner.

     c.   Defendants recklessly, willfully and falsely asserted that the Defendants owned the copyrights of all content, images and photos contained in the Defendants' website http://www.visitusa.com/images/states/alabama/cities/mobile/park.jpg by adding a copyright notice "Copyright © 2014 visitUSA. All Rights Reserved".

     d.   Defendants knew that they did not own Indianapolis Photo and knew the Defendants had not obtained the rights to publish the Indianapolis Photo, but deliberately and falsely represented to the world otherwise.

     a.   Defendants have not paid anyone for the right to use Indianapolis Photo, but instead fraudulently declared that the Defendant owned the copyrights to the Indianapolis Photo on http://www.visitusa.com/images/states/alabama/cities/mobile/park.jpg

ER000086

THEREFORE, Plaintiff prays for judgment against Defendants as follows:

    a.  Declaring that Defendants' unauthorized conduct violates Plaintiff's rights under common law and the Federal Copyright Act;

    b.  Immediately and permanently enjoining Defendants, their members, officers, directors, agents, servants, employees, representatives, attorneys, related companies, successors, assigns, and all others in active concert or participation with them from copying and republishing any of Plaintiff's copyrighted articles or copyrighted material without consent or otherwise infringing Plaintiff's copyrights or other rights in any manner;

    c.  Enjoin Defendants from "republishing" any of your copyrighted materials that, if granted, would require that the Indianapolis Photo not be available on http://www.visitusa.com/images/states/alabama/cities/mobile/park.jpg would thereby make it impossible for third party Internet users to download copies of the Indianapolis Photo from said webpage.

    d.  Ordering Defendants to account to Plaintiff for all gains, profits, and advantages derived by Defendants, and third-party users by their infringement of Plaintiff's copyrights or such damages as are proper, and since Defendants intentionally infringed Plaintiff's copyrights, for the maximum allowable statutory damages for each violation;

    e.  Awarding Plaintiff actual and/or statutory damages for Defendants copyright infringement in an amount to be determined at trial;

    f.  Awarding Plaintiff their costs, reasonable attorneys' fees, and disbursements in this action, pursuant to 17 U.S.C. § 505 and 15 U.S.C. 1125(a) and;

/ / /

/ / /

/ / /

ER000087

g.  Awarding Plaintiff such other and further relief as is just and proper.

DATED this 11th day of February, 2019.

Respectfully submitted,

By: _____

RYAN A. HAMILTON, ESQ.
CA BAR NO. 291349
HAMILTON LAW
5125 S. Durango Dr., Ste. C
Las Vegas, NV 89113
(702) 818-1818
(702) 974-1139
ryan@hamlegal.com
*Attorney for Plaintiff*

10

ER000088

# Exhibit A

ER000089

Ryan A. Hamilton, Esq.
CA Bar No. 291349
HAMILTON LAW
5125 S. Durango Dr., Ste. C
Las Vegas, NV 89113
(702) 818-1818
(702) 974-1139 (fax)
ryan@hamlegal.com
*Attorney for the Plaintiff,*
*Richard N. Bell*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| RICHARD N. BELL,<br><br>            Plaintiff,<br><br>   vs.<br><br>WILMOTT STORAGE SERVICES, LLC; and DOES 1-100 and ROE Corporations I-X inclusive,<br><br>            Defendant. | Case No.: 2:18-cv-07328-CBM-MRW<br><br>**DECLARATION OF PLAINTIFF RICHARD N. BELL IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

I, Richard N. Bell, hereby state under penalty of perjury of the United States that I have personal knowledge of the following matters, facts, and things set forth herein are true and correct to the best of my knowledge:

1.    I am the Plaintiff in the above-captioned action and have firsthand knowledge with the facts stated in this affidavit. I respectfully submit this affidavit to support Plaintiff's Motion for Summary Judgment.

2.    In March 2000, Plaintiff created the Photo, using light at a particular time on a particular day to photograph the Indianapolis skyline from a chosen vantage point on St. Clair Avenue overlooking the canal. The photograph is my original work of

ER000090

authorship and enjoyed automatic protection at the moment of creation under Section 102 of the federal Copyright Act.

3.     A true and accurate copy of the Indianapolis Photo is attached to the Motion for Summary Judgment as Exhibit B.

4.     I have not assigned or otherwise transferred copyright ownership to another person and remain the sole owner of the copyright.

5.      I first published the Indianapolis Photo on the Internet on August 29, 2000, through an online service known as "Webshots" and located at <Webshots.com>.

6.     In 2011 I published the Indianapolis Photo on my online photo gallery located at the domain <richbellphotos.com>.

7.     Since 2011, I have sold commercial licenses for digital downloads of certain photographic works, including the Indianapolis Photo, via Webshots and my online photo gallery. *See* http://www.richbellphotos.com/Gallaries/Indianapolis-Indiana-1/i-XFx94FL. A true and accurate copy of the my sales records is attached to the Motion for Summary Judgment as Exhibit C.

8.     I registered the copyright in the Indianapolis Photo on August 4, 2011, with the United States Copyright Office, Registration Number VA0001785115. A true and accurate copy of the registration certificate is attached to the Motion for Summary Judgment as Exhibit D.

9.     In April 2018, using Google's image search engine known as "Google Images," I discovered the unlicensed use of the Photograph on WILMOTT website at the URL < http://www.visitusa.com>, which webpage bore copyright notice "Copyright © 2014 visit USA. All Rights Reserved" and prominently featured the Photograph at http://www.visitusa.com/images/states/alabama/cities/mobile/park.jpg. A true and accurate copy of the Defendant's infringement is attached to the Motion for Summary Judgment as Exhibit E.

10.     Publicly-available ICANN WHOIS and GoDaddy WHOIS records as of April

2

8, 2018, reflect that: (a) the domain < www.visitusa.com > was registered by GoDaddy the registrant of the domain < www.visitusa.com >.

11.     Defendant did not disclose the source of the stolen Indianapolis Photo or otherwise conferred credit to the owner; instead, the Defendant willfully and recklessly falsely claimed that Defendant WILMOTT owned the copyrights of all images and photos contained on the website of http://www.visitusa.com/images/states/alabama/cities/mobile/park.jpg including Indianapolis Photo by adding copyright notice "Copyright © 2014 visit USA. All Rights Reserved."

12.     Beginning December 24, 2014, the website of Defendant WILMOTT published the Indianapolis Photo for its commercial use without paying for said use and without obtaining the necessary authorization from me, the copyright owner.

13.     After discovering the copyright infringement, I notified WILMOTT in writing of the infringement and demanded that it take down the photo and pay for its unauthorized prior use of the photograph.

14.     WILMOTT ignored me and continued to infringe and refused to pay for the infringement of the Indianapolis Photo.

15.     I have not licensed or otherwise permitted Defendant WILMOTT to reproduce, distribute, or publish the Indianapolis Photo during the period prior to my discovery of the infringement.

16.     On August 21, 2018, after notifying the Defendant to remove the Indianapolis Photo and several unsuccessful attempts to settle the dispute, I filed suit.  (Dkt. 1).

17.     To confirm when the Photo was added to the site, I personally viewed visitusa.com and  the  index of images of visitusa.com for Mobile, Alabama located at http://www.visitusa.com/images/states/alabama/cities/mobile/  "

18.     The image "park_yyy.jpg" is a copy of Photograph that was infringement by the Defendant. *(See* index of images of visitusa.com for Mobile, Alabama (Exhibit F, attached to the Motion for Summary Judgment is a true and correct copy of the

3

Index of Images). *See* Infringement by Defendant (Exhibit E).

19.    The index of images of visitusa.com for Mobile, Alabama indicates that the images were last modified on December 24, 2014.

20.    I personally viewed Tineye, Google Images and The Wayback Machine which are publicly-available.

21.    Tineye, Google Images and The Wayback Machine are a digital archive of the World Wide Web.

22.    The service enables users to see archived versions of web pages across time, which the archive calls a "three dimensional index."

23.    The Developers created the machine hoping to archive the entire Internet and provide "Universal access to all Knowledge".

24.    The Wayback Machine uses software programs known as crawlers that store copies of website files at specific URLs as they exist at the time of capture. From its public launch in 2001, the Wayback Machine has been studied by scholars both for the ways it stores and collects data as well as for the actual pages contained in its archive.

25.    On September 7, 2013 the Visit USA website of Mobile, Alabama, the website is entirely difference than the website of Mobile, Alabama. The website of Mobile, Alabama on September 7, 2013 does not contain the infringed Photo. (See Wayback Machine September 7, 2013 Screen Shot of http://www.visitusa.com/alabama/cities/mobile.htm). Attached to the Motion for Summary Judgment as Exhibit I is a true and correct copy of a screen shot from the Internet Archive showing the web address http://www.visitusa.com/alabama/cities/mobile.htm as it existed on September 7, 2013.

26.    The Defendant, as of this date February 22, 2019, has not removed the photograph from its website and thus continues to infringe. Attached to the Motion for Summary Judgment as Exhibit H is a true and correct copy of the Wilmott

4

ER000093

displaying the Indianapolis Photo.

27.     On April 7, 2018, I notified Wilmott that they were using the Indianapolis Photo on their website without my permission. I requested that Wilmott compensate me for their unauthorized use of my photo. Attached to the Motion for Summary Judgment as Exhibit G is a true and correct copy of my correspondence with Defendant.

        I affirm under penalty for perjury that the above is true and accurate.

DATED:  March 8, 2019

                                        by: /s/ Richard N. Bell
                                            Richard N. Bell

5

# Exhibit B

ER000095

Exhibit B



ER000096

# Exhibit C

ER000097

| OrderID | Date | Customer Email | Billed Name | Billed Street1 | Billed Stree2 | Billed City | Billed State | Billed Zip | Billed Phone | Price Charg | Shipping | M | Profit Statu | Profit Date | Order Link |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 6877983 | 12/7/2017 13:05 | Dennis Shea <dshea@areadevelopment.com> | Dennis Shea | 400 Post Ave | | Westbury | NY | 11590 | 8007352732 | 200 | Download | | Unpaid | | https://secure.smugmug.com/sales/order/?OrderID=6877983 |
| 6874649 | 12/6/2017 10:57 | Upscale Furniture <foster@lexingtonlocation.com> | Upscale Furniture | 3131 Custer Drive, Suite 6 | | Lexington | KY | 40517 | 8592733303 | 200 | Download | | Unpaid | | https://secure.smugmug.com/sales/order/?OrderID=6874649 |
| 6420197 | 4/3/2017 15:11 | Maura K Kennedy <attorneymaurakennedy@gmail.com> | Maura K Kennedy | 409 4TH ST | APT 2 | Marietta | OH | 45750 | 3173708796 | 200 | Download | Paid | | 6/20/2017 10:39 | https://secure.smugmug.com/sales/order/?OrderID=6420197 |
| 6420141 | 4/3/2017 14:42 | Maura K Kennedy <attorneymaurakennedy@gmail.com> | Maura K Kennedy | 409 4TH ST | APT 2 | Marietta | OH | 45750 | 3173708796 | 200 | Download | Paid | | 6/20/2017 10:39 | https://secure.smugmug.com/sales/order/?OrderID=6420141 |
| 6087509 | 9/26/2016 11:48 | Overhauser Law Offices <Odie.Lisa@odlemanagement.com> | Overhauser Law Offices | 740 W Green Meadows Dr., Ste 300 | | Greenfield | IN | 46140 | 3177531036 | 200 | Download | Paid | | 10/25/2016 7:36 | https://secure.smugmug.com/sales/order/?OrderID=6087509 |
| 5902782 | 6/13/2016 8:18 | The Real Estate Firm, LLC <vpteam@therefirm.com> | The Real Estate Firm, LLC | 13152 Landwood Drive | | Fishers | IN | 46037 | 317-762-9200 | 200 | Download | Paid | | 10/25/2016 7:36 | https://secure.smugmug.com/sales/order/?OrderID=5902782 |
| 5902665 | 6/13/2016 7:34 | Lyons Fire & Insurnace <nancylyons@indy.rr.com> | Lyons Fire & Insurnace | 124 E. Northfield Dr., Ste. F177 | | Brownsburg | IN | 46112 | 3177750996 | 200 | Download | Paid | | 10/25/2016 7:36 | https://secure.smugmug.com/sales/order/?OrderID=5902665 |
| 5870135 | 5/27/2016 9:49 | Overhauser Law Offices <support@ftsindy.com> | Overhauser Law Offices | 740 W Green Meadows Dr., Ste 300 | | Greenfield | IN | 46140 | 3177531036 | 200 | Download | Paid | | 6/18/2016 16:04 | https://secure.smugmug.com/sales/order/?OrderID=5870135 |
| 5864654 | 5/24/2016 16:14 | The Dow Chemical Company <richbell@comcast.net> | The Dow Chemical Company | C/O CORPORATION TRUST CENTER 1209 ORAN | | WILMINGTON | DE | 19801 | 317-690-2053 | 750 | Download | Paid | | 6/18/2016 16:04 | https://secure.smugmug.com/sales/order/?OrderID=5864654 |
| 5839456 | 5/12/2016 13:54 | Chris Carmen <cuc@carmenrealestate.com> | Chris Carmen | 8900 Keystone Crossing, Suite 905 | | Indianapolis | IN | 46240 | 3177531036 | 200 | Download | Paid | | 6/18/2016 16:04 | https://secure.smugmug.com/sales/order/?OrderID=5839456 |
| 5838941 | 5/12/2016 9:50 | Stefan Strickholm <steve@knowledgedna.com> | Stefan Strickholm | 2311 Anacapa Street | | Santa Barbara | CA | 93105 | 8055695933 | 200 | Download | Paid | | 6/18/2016 16:04 | https://secure.smugmug.com/sales/order/?OrderID=5838941 |
| 5834285 | 5/10/2016 7:09 | Jack Bailey <jbailey@tdc-usa.com> | Jack Bailey | 933 Western Drive | P.O. Box 42 | Indianapolis | IN | 46242-042 | 317-244-8123 | 200 | Download | Paid | | 6/18/2016 16:04 | https://secure.smugmug.com/sales/order/?OrderID=5834285 |
| 5612790 | 12/16/2015 5:36 | Paul Overhauser <poverhauser@gmail.com> | Paul Overhauser | 479 Sycamore Ct. | | Greenfield | IN | 46140 | 317-326-4563 | 25 | Download | Paid | | 6/18/2016 16:04 | https://secure.smugmug.com/sales/order/?OrderID=5612790 |
| 2887112 | 4/6/2012 13:16 | Deborah Alaimo <debalaimo@sbcglobal.net> | Deborah Alaimo | 5747 Prelude Lane | | Carmel | IN | 46033 | 3175135660 | 25 | Download | Paid | | 6/18/2016 16:04 | https://secure.smugmug.com/sales/order/?OrderID=2887112 |
| 2774973 | 1/29/2012 21:48 | Mary Wollitz-Dooley <marywd@earthlink.net> | Mary Wollitz-Dooley | 5987 Oak Hill E Dr | | Plainfield | IN | 46168 | 317 839-2658 | 11 FC | Paid | | | 6/18/2016 16:04 | https://secure.smugmug.com/sales/order/?OrderID=2774973 |
| 2470176 | 9/23/2011 14:45 | Larry McKee <larry.mckee@att.net> | Larry McKee | 4848 Guilford Avenue | | Indianapolis | IN | 46205 | 317.728.6466 | 10 FC | Paid | | | 6/18/2016 16:04 | https://secure.smugmug.com/sales/order/?OrderID=2470176 |
| 2345360 | 7/20/2011 11:00 | Terry Kurtz <tkurtz@bw.edu> | Terry Kurtz | Baldwin-Wallace College | | Berea | OH | 44017 | 440-826-3170 | 200 | Download | Paid | | 8/18/2011 15:48 | https://secure.smugmug.com/sales/order/?OrderID=2345360 |
| 2322173 | 7/8/2011 12:24 | Dwain Underwood <ccpsoftball@gmail.com> | Dwain Underwood | 8027 Raindance Trail | | Indianapolis | IN | 46239 | 317-626-9385 | 200 | Download | Paid | | 8/18/2011 15:48 | https://secure.smugmug.com/sales/order/?OrderID=2322173 |
| 2320035 | 7/7/2011 11:47 | nat collicott <natc@jps.net> | nat collicott | 32610 rhoda lane | | fort bragg | CA | 95437 | 7079647464 | 200 | Download | Paid | | 8/18/2011 15:48 | https://secure.smugmug.com/sales/order/?OrderID=2320035 |
| 2315074 | 7/5/2011 8:51 | Ray Ramsey <info@godvs.com> | Ray Ramsey | 3420 S Post Rd | | Indianapolis | IN | 46239 | 877-387-4639 | 200 | Download | Paid | | 8/18/2011 15:48 | https://secure.smugmug.com/sales/order/?OrderID=2315074 |
| 2309466 | 7/1/2011 13:28 | Jeff Case <jeff.case@therapservices.net> | Jeff Case | 562 Watertown Ave | STE 3 | Waterbury | CT | 6708 | 2037965773 | 200 | Download | Paid | | 8/18/2011 15:48 | https://secure.smugmug.com/sales/order/?OrderID=2309466 |
| 2305506 | 6/29/2011 14:25 | Seyed Mirjalalian <seyedmir@gmail.com> | Seyed Mirjalalian | MG Rd | | Pune | | 411028 | 64008852 | 200 | Download | Paid | | 8/18/2011 15:48 | https://secure.smugmug.com/sales/order/?OrderID=2305506 |
| 2304357 | 6/29/2011 4:00 | Raul Dam <raul.dam@bluejaystaffing.com> | Raul Dam | 3666 Fremantle Dr | | Palm Harbor | FL | 34684 | 7276571120 | 200 | Download | Paid | | 8/18/2011 15:48 | https://secure.smugmug.com/sales/order/?OrderID=2304357 |
| 2304139 | 6/28/2011 21:05 | emily jade shum <emily.shum@virginaustralia.com> | emily jade shum | 156 edmonstone road | | brisbane | | 4005 | 406951957 | 200 | Download | Paid | | 8/18/2011 15:48 | https://secure.smugmug.com/sales/order/?OrderID=2304139 |
| 2302679 | 6/28/2011 10:57 | Sue Cassidy <ovcr@iupui.edu> | Sue Cassidy | 755 W. Michigan Street | IUPUI | Indianapolis | IN | 46202-519 | 317-274-1020 | 200 | Download | Paid | | 8/18/2011 15:48 | https://secure.smugmug.com/sales/order/?OrderID=2302679 |
| 2299736 | 6/27/2011 8:36 | Michael Ryan <michaelryan@domesticdumpsters.com> | Michael Ryan | PO Box 584 | | Oaks | PA | 19456 | 610-248-4773 | 200 | Download | Paid | | 8/18/2011 15:48 | https://secure.smugmug.com/sales/order/?OrderID=2299736 |
| 2294672 | 6/24/2011 11:29 | Jeff Shelton <midwestusergroup@comcast.net> | Jeff Shelton | 356 Montserrat Drive | | Redwood City | CA | 94065 | 650-654-2067 | 200 | Download | Paid | | 8/18/2011 15:48 | https://secure.smugmug.com/sales/order/?OrderID=2294672 |
| 2292999 | 6/23/2011 14:08 | Kelli Livers <kelli.livers@forethought.com> | Kelli Livers | 300 North Meridian | | Indianapolis | IN | 46204 | 713.212.4620 | 200 | Download | Paid | | 8/18/2011 15:48 | https://secure.smugmug.com/sales/order/?OrderID=2292999 |
| 2292587 | 6/23/2011 10:53 | Kenneth Mayfield <kenneth.mayfield@gmail.com> | Kenneth Mayfield | PO Box 68701 | | Indianapolis | IN | 46268 | 812-219-3708 | 200 | Download | Paid | | 8/18/2011 15:48 | https://secure.smugmug.com/sales/order/?OrderID=2292587 |
| 2279440 | 6/17/2011 6:47 | Kathryn Godfrey <godfrey@move2indy.com> | Kathryn Godfrey | 1191 Vicksburg South Dr | | Greenwood | IN | 46143 | 3176605283 | 200 | Download | Paid | | 8/18/2011 15:48 | https://secure.smugmug.com/sales/order/?OrderID=2279440 |
| 2274713 | 6/14/2011 23:44 | JP Khodara <jpk@zchocolat.com> | JP Khodara | 5, rue Fabrot | ZCHOCOLA | Aix en Provence | | 13100 | 33442914365 | 200 | Download | Paid | | 8/18/2011 15:48 | https://secure.smugmug.com/sales/order/?OrderID=2274713 |
| 2274167 | 6/14/2011 18:38 | Michael Woods <mikewoods@mswoods.com> | Michael Woods | 4111 Wythe Ln | | Indianapolis | IN | 46250 | 317-578-3220 | 200 | Download | Paid | | 8/18/2011 15:48 | https://secure.smugmug.com/sales/order/?OrderID=2274167 |
| 2273468 | 6/14/2011 11:23 | Aaron Rader <indybailbondsman@gmail.com> | Aaron Rader | 6002 Haverford Avenue | | Indianapolis | IN | 46220 | 317-529-6650 | 200 | Download | Paid | | 8/18/2011 15:48 | https://secure.smugmug.com/sales/order/?OrderID=2273468 |
| 2251771 | 6/4/2011 10:05 | Print Fusion Fjeld <dfjeld@comcast.net> | Print Fusion Fjeld | 5061 e 71 street | | Indianapolis | IN | 46220 | 3172516849 | 200 | Download | Paid | | 8/18/2011 15:48 | https://secure.smugmug.com/sales/order/?OrderID=2251771 |
| 2250031 | 6/3/2011 9:07 | Joaquin Sales <info@mecclablogs.com> | Joaquin Sales | plaza ayuntamiento 1 | | benicarlo | | 12580 | 34964461110 | 25 | Download | Paid | | 8/18/2011 15:48 | https://secure.smugmug.com/sales/order/?OrderID=2250031 |
| 2248099 | 6/2/2011 10:36 | Tracy Bieser <tbieser@gmail.com> | Tracy Bieser | 790 East Schantz Ave | | Dayton | OH | 45419 | 937-299-4115 | 200 | Download | Paid | | 8/18/2011 15:48 | https://secure.smugmug.com/sales/order/?OrderID=2248099 |
| 2247679 | 6/2/2011 7:13 | Steven Emery <office@indianacentral.org> | Steven Emery | Indiana Central District | PO Box 717 | Fishers | IN | 46037 | 317.774.7900 | 200 | Download | Paid | | 8/18/2011 15:48 | https://secure.smugmug.com/sales/order/?OrderID=2247679 |
| 2245577 | 6/1/2011 9:51 | Ann Gloe <agloe@prudentialindiana.com> | Ann Gloe | P.O. Box 36369 | | Indianapolis | IN | 46236 | 317-913-2803 | 200 | Download | Paid | | 8/18/2011 15:48 | https://secure.smugmug.com/sales/order/?OrderID=2245577 |
| 2239389 | 5/29/2011 17:09 | Richard Bell <FEA@indianapolis-fea.org> | Richard Bell | 5732 E Fall Creek Pkwy | N. Dr | Indianapolis | IN | 46226 | 3172515093 | 200 | Download | Paid | | 8/18/2011 15:48 | https://secure.smugmug.com/sales/order/?OrderID=2239389 |
| 2230128 | 5/24/2011 16:41 | Douglas Vaughan <Doug@plumbingservices.com> | Douglas Vaughan | 331 Fourbush Rd | Plumbing S | Winfield | MO | 63389 | 314-713-3274 | 200 | Download | Paid | | 8/18/2011 15:48 | https://secure.smugmug.com/sales/order/?OrderID=2230128 |
| 2219032 | 5/19/2011 11:19 | John Beagle <web@ponex.com> | John Beagle | 6730 Roosevelt Avenue | | Franklin | OH | 45005 | 5134221907 | 200 | Download | Paid | | 8/18/2011 15:48 | https://secure.smugmug.com/sales/order/?OrderID=2219032 |
| 2216606 | 5/18/2011 19:19 | Lawrance Morrissey <lawrance@mac.com> | Lawrance Morrissey | 10402 Juniper Breeze Drive | | Fishers | IN | 46038 | (317) 598-9680 | 200 | Download | Paid | | 8/18/2011 15:48 | https://secure.smugmug.com/sales/order/?OrderID=2216606 |
| 2182184 | 5/2/2011 6:13 | John Hurley <jhurley@smartfile.com> | John Hurley | 5420 North College Ave | Suite L6 | Indianapolis | IN | 46220 | 877-336-3453 | 200 | Download | Paid | | 8/18/2011 15:48 | https://secure.smugmug.com/sales/order/?OrderID=2182184 |
| 2169783 | 4/25/2011 9:52 | Benjamin Holland <bholland@rmi.org> | Benjamin Holland | 1820 Folsom Street | | Boulder | CO | 80302 | 303-567-8579 | 200 | Download | Paid | | 8/18/2011 15:48 | https://secure.smugmug.com/sales/order/?OrderID=2169783 |
| 2167124 | 4/23/2011 12:13 | Rick Ziraldo <ziraldo@sbcglobal.net> | Rick Ziraldo | 10519 Greenway Dr | | Fishers | IN | 46037 | 317-915-7545 | 200 | Download | Paid | | 8/18/2011 15:48 | https://secure.smugmug.com/sales/order/?OrderID=2167124 |
| 2148744 | 4/12/2011 17:00 | Thomas Lee <indycolorediting@comcast.net> | Thomas Lee | 11876 Geyser Court | | Fishers | IN | 46038 | 317-828-0562 | 200 | Download | Paid | | 8/18/2011 15:48 | https://secure.smugmug.com/sales/order/?OrderID=2148744 |
| 2140210 | 4/7/2011 17:43 | Jean Neuman <jean_neuman@yahoo.com> | Jean Neuman | 4014 Thrushwood Lane | | Minnetonka | MN | 55345 | 952-938-6402 | 6 FC | Paid | | | 8/18/2011 15:48 | https://secure.smugmug.com/sales/order/?OrderID=2140210 |

ER000098

# Exhibit D

ER000099

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

## VA 1-785-115

**Effective date of registration:**

August 4, 2011

## Title

**Title of Work:** Landscape Photographs of Indianapolis

## Completion/Publication

**Year of Completion:** 2000

**Date of 1st Publication:** August 29, 2000       **Nation of 1st Publication:** United States

## Author

■       **Author:** Richard Nathan Bell

**Pseudonym:** Rich Bell

**Author Created:** photograph(s)

**Citizen of:** United States       **Domiciled in:** United States

**Year Born:** 1947

## Copyright claimant

**Copyright Claimant:** Richard Nathan Bell

5732 E Fall creek Parkway, N. Dr, Indianapolis, IN, 46226, United States

## Rights and Permissions

**Name:** Richard Nathan Bell

**Email:** richbell@comcast.net       **Telephone:** 317-251-5093

**Address:** 5732 E Fall creek Parkway, N. Dr

Indianapolis, IN 46226  United States

## Certification

**Name:** Richard Nathan Bell

**Date:** August 4, 2011

ER000100

# Exhibit E

ER000101



# Exhibit F

ER000103

# Index of /images/states/alabama/cities/mobile

| Name | Last modified | Size | Description |
|------|---------------|------|-------------|
| Parent Directory | | - | |
| alabamabattleship.jpg | 23-Dec-2014 21:47 | 11K | |
| bartonacademy.jpg | 23-Dec-2014 21:47 | 102K | |
| battleship-mobile_.jpg | 23-Dec-2014 21:47 | 26K | |
| cathedralbasilica.jpg | 23-Dec-2014 21:47 | 52K | |
| cemetery-mobile.JPG | 23-Dec-2014 21:47 | 1.1M | |
| charlenecharming.jpg | 23-Dec-2014 21:47 | 18K | |
| cityview.jpg | 23-Dec-2014 21:47 | 147K | |
| colonialbellairmall.jpg | 23-Dec-2014 21:47 | 39K | |
| communitycollege.jpg | 23-Dec-2014 21:47 | 46K | |
| cottoncityantiquemal..> | 23-Dec-2014 21:47 | 27K | |
| flora.jpg | 23-Dec-2014 21:47 | 58K | |
| fortgaines.jpg | 23-Dec-2014 21:47 | 6.6K | |
| fortiscollege.jpg | 23-Dec-2014 21:47 | 15K | |
| garden.jpg | 23-Dec-2014 21:47 | 92K | |
| grandcentral.jpg | 23-Dec-2014 21:47 | 13K | |
| gulfcoastexploreum.jpg | 23-Dec-2014 21:47 | 104K | |
| hopjacksmobile.jpg | 23-Dec-2014 21:47 | 65K | |
| island.JPG | 23-Dec-2014 21:47 | 34K | |
| langanpark.jpg | 23-Dec-2014 21:47 | 18K | |
| martinislounge.jpeg | 23-Dec-2014 21:48 | 11K | |
| mobile-2-5-0-_-st-an..> | 23-Dec-2014 21:48 | 285K | |
| mobile-_-alabama-i--..> | 23-Dec-2014 21:48 | 121K | |
| mobile-_-marine-hosp..> | 23-Dec-2014 21:48 | 155K | |
| mobile-_-public-libr..> | 23-Dec-2014 21:48 | 216K | |
| mobile-alabama-_-cru..> | 23-Dec-2014 21:48 | 97K | |
| mobile-bienville-_-0..> | 23-Dec-2014 21:48 | 514K | |
| mobile-cathedral---b..> | 23-Dec-2014 21:48 | 325K | |
| mobile-city.gif | 23-Dec-2014 21:48 | 68K | |
| mobile-cruise.jpg | 23-Dec-2014 21:48 | 27K | |
| mobile-dauphin-_-str..> | 23-Dec-2014 21:48 | 267K | |
| mobile-government-_-..> | 23-Dec-2014 21:48 | 143K | |
| mobile-spring-_-hill..> | 23-Dec-2014 21:48 | 130K | |
| mobile-u-s-_-alabama..> | 23-Dec-2014 21:48 | 137K | |
| mobile-u-s-a-jaguars..> | 23-Dec-2014 21:48 | 96K | |
| mobilecarnivalmuseum..> | 23-Dec-2014 21:48 | 12K | |
| museumart.jpg | 23-Dec-2014 21:48 | 94K | |
| oldcityhall.jpg | 23-Dec-2014 21:48 | 52K | |
| park_yyy.jpg | 23-Dec-2014 21:48 | 195K | |
| pincusbuildinghistor..> | 23-Dec-2014 21:48 | 15K | |
| rsabank.JPG | 23-Dec-2014 21:48 | 65K | |
| rsabattlehouse.jpg | 23-Dec-2014 21:48 | 14K | |
| sea.jpg | 23-Dec-2014 21:48 | 53K | |
| shepardhouse.JPG | 23-Dec-2014 21:48 | 188K | |
| somequietmoments.jpg | 23-Dec-2014 21:48 | 11K | |
| springhillcollege.jpg | 23-Dec-2014 21:48 | 23K | |
| springscenefrom.jpg | 23-Dec-2014 21:48 | 12K | |
| squarecitypark.jpg | 23-Dec-2014 21:48 | 21K | |
| tangeroutletcenter.jpg | 23-Dec-2014 21:48 | 11K | |
| uss-alabama.jpg | 23-Dec-2014 21:48 | 17K | |

# Exhibit G

ER000105

# Fw: Wilmott Storage Services, LLC Copyright Infringement

Ryan A. Hamilton

Fri 3/8/2019 2:54 PM

To:Chellsea Tully <chellsea@hamlegal.com>;

Sincerely,
Ryan Hamilton, Esq.

Hamilton Law
5125 S. Durango Dr., Suite C
Las Vegas, NV 89113
Phone: 702-818-1818 | Toll Free: 877-848-1818 | Fax: 702-974-1139
www.hamlegal.com

---

**From:** richbell@comcast.net <richbell@comcast.net>
**Sent:** Wednesday, March 6, 2019 12:17 PM
**To:** Ryan A. Hamilton
**Subject:** FW: Wilmott Storage Services, LLC Copyright Infringement

Dear Ryan:

This is a copy of the email I sent to Wilmott Storage Services, LLC on April 7, 2018 before Ii filed suit and they did not take to photo down.

Richard N. Bell
10042 Springstone Rd.
McCordsville, IN 46055
(317) 589-8535 (DD)
(317) 690-2053 (cell)
richbell@comcast.net

CIRCULAR 230 DISCLOSURE: To ensure compliance with recently-enacted U.S. Treasury Department Regulations, we are now required to advise you that, unless otherwise expressly indicated, any federal tax advice contained in this communication, including any attachments, is not intended or written by us to be used, and cannot be used, by anyone for the

ER000106

purpose of avoiding federal tax penalties that may be imposed by the federal government or for promoting, marketing or recommending to another party any tax-related matters addressed herein.

CONFIDENTIALITY NOTICE:
This E-mail and any attachments are confidential and may be protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, distribution, or use of this E-mail or any attachment is prohibited. If you have received this E-mail in error, please notify us immediately by returning it to the sender and delete this copy from your system. Thank you.

**From:** Jon Tullo <jon@actiumcap.com>
**Sent:** Tuesday, April 17, 2018 11:26 AM
**To:** richbell@comcast.net
**Subject:** Re: Wilmott Storage Services, LLC Copyright Infringement

Mr. Bell,

Thank you for your note.  As per your request below, we have removed the photograph from our site.

We believe that we have the rights to publish all content on our site and are further investigating this.  At any rate, any alleged infringement was certainly not "willful", if it occurred at all.

Please allow us additional time to investigate this matter.

Respectfully,

Jon
Visitusa.com

On Apr 7, 2018, at 8:04 AM, <richbell@comcast.net> <richbell@comcast.net> wrote:

> Registrant Name: Jon Tullo
> Registrant Organization: Wilmott Storage Services, LLC
> Registrant Street: 9602 W. Buckeye Road
> Registrant City: Tolleson
> Registrant State/Province: Arizona
> Registrant Postal Code: 85353
> Registrant Country: US
> Registrant Phone: +1.6239360220
> Registrant Fax: +1.6239360220
> Registrant Email: Jon@actiumcap.com

ER000107

http://www.visitusa.com/images/states/alabama/cities/mobile/park.jpg

Wilmott Storage Services, LLC has displayed a fabulous photo of Indianapolis Skyline. The Photo was taken and copyrighted by Rich Bell in August 2000. The "Indianapolis Photo" was registered on August 4, 2011 with the United States Copyright Office and assigned Registration Number VA0001785115.

The purpose of this email is to notify you that you are using a photo without the necessary permission. There is no record that your organization has purchased the necessary rights to publish or use such photo. You have also added "Copyright © 2014 visit USA. All Rights Reserved.!" to the bottom of the page which indicates to the world you own the photo and the copyrights to the photo. Obviously that is a false statement. This will likely make Wilmott Storage Services, LLC liable for willful copyright damages up to $150,000. Attached is a copy of the infringement and a recent decision where a company attached their own copyright notice at the bottom of the webpage.

In the case of BELL v. A1 LUXURY LIMOUSINE OF SOUTH FLORIDA INC, No. 1:16-cv-02536-LJM-TAB (S.D. Ind. August 18, 2017) (attached hereto as Exhibit 2), the Court found Defendant liable for willful copyright infringement and awarded the plaintiff the maximum statutory damages of $150,000. The Court found, "Defendant's deliberate action of placing common copyright marking language at the bottom of the Website could reasonably be considered to indicate that Defendant possessed the rights to all of the material on the Website. Moreover, Defendant failed to distinguish itself from the owner of the Photo, which further supports a finding of willfulness in the instant case." (Id. at *3). Accord Ranco Industries, Inc. v. Boston Floor Mats, 2011 WL 1237938, *1 (S.D. Tex. 2011) ("Defendants' copyright management information indicates that the page is copyrighted to [Defendant]"). See also John Perez Graphics & Design, LLC v. Green Tree Inv. Group, Inc., 2013 WL 1828671, *4 (N.D. Tex 2013) ("Once on Defendant's website, Defendant asserted ownership of Plaintiff's Registered Work by including a copyright notice at the bottom of the page.")

This can be corrected by taking down the "Indianapolis Photo" AND avoid any legal action by the payment of $10,000.00 to Richard N. Bell. Most Companies have liability insurance that covers this issue.

If you wish to avoid legal action deleting the photo without payment is not an option, Wilmott Storage Services, LLC still owes $10,000 for the past unauthorized use. Should the photo not be taken down and $10,000 not be paid within 14 days, Rich Bell will be filing a lawsuit against Wilmott Storage Services, LLC and other individuals involved for copyright infringement and violations of the Lanham Act. Should you have any questions, you or your

ER000108

lawyer may contact Mr. Bell at (317) 690-2053. Should you or your lawyer wish to speak to me I have provided below my contact information.

Richard N. Bell
10042 Springstone Rd.
McCordsville, IN 46055
(317) 589-8535 (DD)
(317) 690-2053 (cell)
richbell@comcast.net

CIRCULAR 230 DISCLOSURE: To ensure compliance with recently-enacted U.S. Treasury Department Regulations, we are now required to advise you that, unless otherwise expressly indicated, any federal tax advice contained in this communication, including any attachments, is not intended or written by us to be used, and cannot be used, by anyone for the purpose of avoiding federal tax penalties that may be imposed by the federal government or for promoting, marketing or recommending to another party any tax-related matters addressed herein.

CONFIDENTIALITY NOTICE:
This E-mail and any attachments are confidential and may be protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, distribution, or use of this E-mail or any attachment is prohibited. If you have received this E-mail in error, please notify us immediately by returning it to the sender and delete this copy from your system. Thank you.

<ORDER ON MOTION FOR DEFAULT from Court.pdf>

<park.jpg.pdf>

# Exhibit H

ER000110



# Exhibit I

ER000112

http://www.visitusa.com/alabama/cities/mobile.htm Go

26 captures
19 Oct 2006 - 24 Dec 2014

APR SEP DEC
◀ 07 ▶
2011 2013 2014

About this capture

HOTEL    CARS    FLIGHTS    VACATIONS    EVENTS    PICTURES    TRAVEL PLANNING    DEALS    ABOUT

Beaches | Cities | Lakes | Mountains | Rivers | State Parks | National Parks | Golf | Hiking | Scenic Drives | Skiing | Camping

**Where are you going?**
Enter City

**Check in**
2013-09-22 📅calendar

**Check out**
2013-09-23 📅calendar

1 Rooms, 1 Guests | Change

SEARCH HOTELS



Sitemap | County | Zipcode

Visit USA > Alabama > Cities > Mobile

# MOBILE TRAVEL GUIDE



## ALABAMA
Facts
Maps
Pictures
Travel Guides
Weather

## HOTELS
Complete List
Airport
Cheap
Downtown
Luxury
Pet Friendly
Pool
WiFi

Mobile Alabama is a lively and lovely city on the Gulf of Mexico. The city has been a major seaport and shipbuilding center for centuries. They & been celebrating Mardi Gras in Mobile for 60+ years, longer than New Orleans, so they know how to have a good time here. A great way to enjoy the sights of Mobile city is boat tours. Delta Outdoor Guides & Airboat Tours help visitors explore Mobile Bay, the Tensaw River and the surrounding swamps. Other interesting tours include, chartered fishing tour, dolphin spotting tours and sunset cruises. For an insight into US maritime history, tour the USS Alabama moored near Fort Conde.


*Mobile*

## Attractions in Mobile City

      
Historical   Museums   City Parks   Key Buildings   Nightlife   Districts   Shopping

 SeaWorld, LEGOLAND®, San Diego Zoo and more! Save Now!

## CITIES
City Guide
Birmingham
Huntsville
Mobile



### Fort Gaines

Fort Gaines was considered a state of the art defense by the time it neared completion in 1861. The cannon of Fort Gaines opposed the Union fleet during the Battle of Mobile Bay. The well-preserved ramparts of Fort Gaines have guarded the entrance to Mobile Bay for more than 150 years. Now a fascinating historic site, the fort stands at the eastern tip of Dauphin Island, Alabama, where it commands panoramic views of the bay and Gulf of Mexico. This important historic site is open to the public daily for self-guided tours.

ER000113

1/3

http://www.visitusa.com/alabama/cities/mobile.htm    Go

26 captures
19 Oct 2006 - 24 Dec 2014

APR SEP DEC
◀ 07 ▶
2011 2013 2014

▼ About this capture

about historic forts.

Airports

City Parks

Colleges

Events

Historical

Museums

Nightlife

Restaurants

Shopping

OUTDOORS

Beaches

Camping

Golf

Lakes

Natural Areas

National Forests

National Parks

Rivers

Skiing

State Parks

Shepard House

### Old Dauphin Way District

The Old Dauphin Way Historic District is a famed historic district in Mobile. Named for Dauphin Way it is now known as Dauphin Street that bisects the center of the district from east to west. Containing 1466 contributing buildings Old Dauphin Way is the largest historic district in Mobile. Although most of the district contains working-class frame houses, large and ornate mansions are found along the main thoroughfares. The contributing buildings range in age from the mid-19th to the early 20th century. Architectural styles include Greek Revival, Gothic Revival, Italianate, Queen Anne, Colonial Revival, Tudor Revival, and American Foursquare. There are plentiful examples of architectural styles of a bygone era within the Old Dauphin Way. Shepard House is an example of the Queen Anne style.

### More Attractions in Mobile City

| | | |
|---|---|---|
| Bridges | Churches | Gardens |
| Ports and Marinas | Skyscrapers | Stadiums |

LET'S SPOT:   ⦿ Mobile Travel Guide

Attractions :   Select...

1 Mobile Travel Guide

## If you like US, spread the word:   

**PLAN**
Guide Books
Maps
Weather and Climate

**BOOK**
Hotels
Cars
Flights

**PLACES**
Beaches
Cities
Lakes

Mountain
Rivers
State Parks

National Parks
Golf
Hiking

Scenic Drives
Skiing
Camping

**CONTACT**
USA : 1 - 800 - 308 - 1114
Email:support@visitusa.com

**TOP HOTEL BY INTEREST**
Top Destinations    Destination Guides    Point Of Interest    Browse Attractions    World Top Hotels    Browse Areas    Hotel Chains

About Us | Affiliate | Contact | SiteMap | Privacy | View Reservation



Copyright © 2013 visitUSA. All Rights Reserved.

http://www.visitusa.com/alabama/cities/mobile.htm          Go

26 captures
19 Oct 2006 - 24 Dec 2014

APR  **SEP**  DEC
◄  **07**  ►
2011  **2013**  2014

About this capture

# Exhibit J

ER000116

Ryan A. Hamilton, Esq.
CA Bar No. 291349
HAMILTON LAW
5125 S. Durango Dr., Ste. C
Las Vegas, NV 89113
(702) 818-1818
(702) 974-1139 (fax)
ryan@hamlegal.com
*Attorney for the Plaintiff,*
*Richard N. Bell*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| RICHARD N. BELL,<br><br>                          Plaintiff,<br><br>    vs.<br><br>WILMOTT STORAGE SERVICES,<br>LLC; and DOES 1-100 and ROE<br>Corporations I-X inclusive,<br><br>                          Defendant. | Case No.: 2:18-cv-07328-CBM-MRW<br><br>**DECLARATION OF RYAN A. HAMILTON, ESQ., IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

I am attorney for the Plaintiff in the above-captioned action. I have personal knowledge of the following:

1.  On March 4, 2019, I spoke with counsel for Defendant, Paul D. Supnik, Esq., by telephone to hold a meet-and-confer on Plaintiff's Motion for Summary Judgment.

2.  Counsel for Defendant and I spoke about the relative merits of each party's legal position. We were unable to reach an agreement, and, therefore, the Motion for Summary Judgment remains necessary.

3.  I informed counsel that the copyrighted photograph at issue in this case

1

ER000117

remained on Defendant's website. I requested, on my client's behalf, that Defendant remove the photo from the website.

4. Counsel for Defendant indicated that if Plaintiff wanted the photo taken down, Defendant first would require a written request before doing so.

5. On March 8, 2019, I spoke with Counsel for Defendant again concerning Defendant's request to amend their Answer. During this conversation, Defendant asked what would my client like to have done with the photo that remains on Defendant's website. (Counsel for Defendant indicated he believes a better characterization is that the photo is on the server, not on the website.)

6. Counsel for Defendant indicated that his client would take the photo down. Further declarant sayeth naught.

Executed this 8th day of March, 2019, under penalty of perjury.


/s/ Ryan A. Hamilton

2

ER000118

ACCO,(MRWx),AO121,APPEAL,CLOSED,DISCOVERY,MANADR

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA (Western Division – Los Angeles)
## CIVIL DOCKET FOR CASE #: 2:18–cv–07328–CBM–MRW

Richard Bell v. Wilmott Storage Services, LLC, et al
Assigned to: Judge Consuelo B. Marshall
Referred to: Magistrate Judge Michael R. Wilner
Case in other court:  9th Circuit, 19–55882
              9th CCA, 19–56181
Cause: 28:1338 Copyright Infringement

Date Filed: 08/21/2018
Date Terminated: 09/12/2019
Jury Demand: Defendant
Nature of Suit: 820 Copyright
Jurisdiction: Federal Question

**Plaintiff**

**Richard N. Bell**

represented by **Ryan A Hamilton**
Hamilton Law
5125 South Durango Drive Suite C
Las Vegas, NV 89113
702–818–1818
Fax: 702–974–1139
Email: ryan@hamlegal.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Wilmott Storage Services, LLC**

represented by **Paul D Supnik**
Law Office of Paul D Supnik
9401 Wilshire Boulevard Suite 1250
Beverly Hills, CA 90212
310–859–0100
Fax: 310–388–5645
Email: paul@supnik.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Does**
*1–100*

**Defendant**

**Roe Corporations**
*I–X inclusive*

**Defendant**

**IAdvantage, LLC**
*TERMINATED: 07/22/2019*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/21/2018 | 1 | COMPLAINT Receipt No: 0973–22290913 – Fee: $400, filed by Plaintiff Richard N. Bell. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Civil Cover Sheet Civil Cover Sheet) (Attorney Ryan A Hamilton added to party Richard N. Bell(pty:pla))(Hamilton, Ryan) (Entered: 08/21/2018) |
| 08/21/2018 | 2 | Request for Clerk to Issue Summons on Complaint (Attorney Civil Case Opening), 1 filed by Plaintiff Richard N. Bell. (Hamilton, Ryan) (Entered: 08/21/2018) |
| 08/22/2018 | 3 | NOTICE OF ASSIGNMENT to District Judge Christina A. Snyder and Magistrate Judge Michael R. Wilner. (esa) (Entered: 08/22/2018) |

| 08/22/2018 | 4 | NOTICE TO PARTIES OF COURT–DIRECTED ADR PROGRAM filed. (esa) (Entered: 08/22/2018) |
|---|---|---|
| 08/22/2018 | 5 | 21 DAY Summons issued re Complaint 1 as to defendant Wilmott Storage Services, LLC. (esa) (Entered: 08/22/2018) |
| 08/22/2018 | 6 | NOTICE OF DEFICIENCIES in Attorney Case Opening. The following error(s) was found: No Notice of Interested Parties has been filed. A Notice of Interested Parties must be filed with every partys first appearance. See Local Rule 7.1–1. Counsel must file a Notice of Interested Parties immediately. Failure to do so may be addressed by judicial action, including sanctions. See Local Rule 83–7. Other error(s) with document(s): The Civil Cover Sheet should have been filed and entered separately under its correct event/relief. No further action is required regarding this item. (esa) (Entered: 08/22/2018) |
| 08/22/2018 | 7 | NOTICE of Interested Parties filed by Plaintiff Richard N. Bell, identifying N/A. (Hamilton, Ryan) (Entered: 08/22/2018) |
| 08/23/2018 | 8 | ORDER RETURNING CASE FOR REASSIGNMENT by Judge Christina A. Snyder. ORDER case returned to the Clerk for random reassignment pursuant to General Order 16–05. Case randomly reassigned from Judge Christina A. Snyder to Judge Consuelo B. Marshall for all further proceedings. The case number will now reflect the initials of the transferee Judge 2:18–cv–07328 CBM(MRWx). (rn) (Entered: 08/23/2018) |
| 08/30/2018 | 9 | STANDING ORDER by Judge Consuelo B. Marshall: READ THIS ORDER CAREFULLY. IT CONTROLS THIS CASE AND MAY DIFFER IN SOME RESPECTS FROM THE LOCAL RULES. (see document for further details) (bm) (Entered: 08/30/2018) |
| 08/31/2018 | 10 | NOTICE TO COUNSEL RE: Copyright, Patent and Trademark Reporting Requirements. Counsel shall file the appropriate AO–120 and/or AO–121 form with the Clerk within 10 days. (esa) (Entered: 08/31/2018) |
| 09/10/2018 | 11 | SERVICE UNDER FRCP 5(b)(2)(D) Executed by Plaintiff Richard N. Bell, upon Defendant Wilmott Storage Services, LLC served on 8/23/2018, answer due 9/13/2018. Service of the Summons and Complaint were executed upon the Clerks Office in compliance with Federal Rules of Civil Procedure. (Hamilton, Ryan) (Entered: 09/10/2018) |
| 09/10/2018 | 12 | REPORT ON THE FILING OF AN ACTION regarding a copyright (Initial Notification) filed by Richard N. Bell. (Hamilton, Ryan) (Entered: 09/10/2018) |
| 09/18/2018 | 13 | First STIPULATION Extending Time to Answer the complaint as to re Complaint (Attorney Civil Case Opening), 1 filed by defendant Wilmott Storage Services, LLC.(Attorney Paul D Supnik added to party Wilmott Storage Services, LLC(pty:dft))(Supnik, Paul) (Entered: 09/18/2018) |
| 09/18/2018 | 14 | NOTICE of Interested Parties filed by defendant Wilmott Storage Services, LLC, identifying Wilmott Storage Services. (Supnik, Paul) (Entered: 09/18/2018) |
| 10/12/2018 | 15 | ANSWER to Complaint (Attorney Civil Case Opening), 1 with JURY DEMAND filed by Defendant Wilmott Storage Services, LLC.(Supnik, Paul) (Entered: 10/12/2018) |
| 12/04/2018 | 16 | MINUTE ORDER IN CHAMBERS–SETTING SCHEDULING CONFERENCE by Judge Consuelo B. Marshall. On the Courts own motion, this case is set for a Scheduling Conference on 2/12/2019 at 9:30 AM pursuant to FRCP 16(b). SEE DOCUMENT FOR FURTHER DETAILS. (vv) (Entered: 12/04/2018) |
| 01/04/2019 | 17 | STIPULATION for Hearing re Minutes of In Chambers Order/Directive–form only–no proceeding held, 16 filed by defendant Wilmott Storage Services, LLC. (Attachments: # 1 Proposed Order)(Supnik, Paul) (Entered: 01/04/2019) |
| 01/08/2019 | 18 | ORDER by Judge Consuelo B. Marshall, GRANTING Stipulation to [continue Scheduling Conference 17]. The hearings originally scheduled have been rescheduled: re Stipulation for Hearing 17 . The scheduling conference date in this matter is reset to February 19, 2019 at 9:30 a.m. The parties shall file their Rule 26(f) discovery plan 7 days prior to this reset Scheduling Conference date. (shb) (Entered: 01/08/2019) |

| 02/11/2019 | 19 | MEMORANDUM in Support *of Motion for Leave to Amend Complaint to Join Additional Defendant* filed by Plaintiff Richard N. Bell. (Attachments: # 1 Proposed Order)(Hamilton, Ryan) Modified on 2/12/2019 (shb). (Entered: 02/11/2019) |
| --- | --- | --- |
| 02/11/2019 | 20 | NOTICE OF MOTION AND MOTION to Amend Complaint to Join Additional Defendant filed by Plaintiff Richard N. Bell. Motion set for hearing on 3/12/2019 at 10:00 AM before Judge Consuelo B. Marshall. (Attachments: # 1 Proposed Order) (Hamilton, Ryan) (Entered: 02/11/2019) |
| 02/11/2019 | 21 | NOTICE OF MOTION re NOTICE OF MOTION AND MOTION to Amend Complaint to Join Additional Defendant 20 filed by Plaintiff Richard N. Bell. Motion set for hearing on 3/12/2019 at 10:00 AM before Judge Consuelo B. Marshall. (Hamilton, Ryan) (Entered: 02/11/2019) |
| 02/12/2019 | 22 | JOINT REPORT Rule 26(f) Discovery Plan ; estimated length of trial 5 days, filed by Plaintiff Richard N. Bell.. (Hamilton, Ryan) (Entered: 02/12/2019) |
| 02/14/2019 | 23 | NOTICE OF NON–OPPOSITION to for Leave to Amend Complaint 19 , NOTICE OF MOTION AND MOTION to Amend Complaint to Join Additional Defendant 20 filed by Defendant Wilmott Storage Services, LLC. (Supnik, Paul) (Entered: 02/14/2019) |
| 02/19/2019 | 24 | REQUEST for ADR Procedure No. 3. Parties request for private mediation. Filed by Plaintiff Richard N. Bell.(shb) (Entered: 02/21/2019) |
| 02/19/2019 | 25 | MINUTES OF Scheduling Conference held before Judge Consuelo B. Marshall. The Court and counsel confer. Following discussions with the parties, the Court sets the following: ADR–1 Form shall be filed on or before February 26, 2019. Non expert discovery shall be completed on or before June 4, 2019. Initial expert disclosure no later than April 3, 2019. Rebuttal expert disclosure completion on or before May 3, 2019. Expert disclosure completion no later than June 20, 2019. Settlement conference shall be held on or before June 15, 2019. Motions shall be set for oral argument on or before August 13, 2019 at 10:00 a.m. Pre Trial Conference is set on October 22, 2019 at 2:30 p.m. Jury Trial is set on November 12, 2019 at 10:00 a.m.(est. 4–5 days). Court Reporter: Miriam Baird. (shb) (Entered: 02/21/2019) |
| 03/05/2019 | 26 | MINUTES (IN CHAMBERS) ORDER AND NOTICE TO ALL PARTIES by Judge Consuelo B. Marshall: The Court finds that Plaintiffs Motion to amend complaint 20 , currently scheduled for hearing on March 12, 2019, is appropriate for decision without oral argument. Accordingly, this motion is taken UNDER SUBMISSION and the hearing is vacated. No appearances are necessary on March 12, 2019. A written order will issue. (shb) (Entered: 03/05/2019) |
| 03/05/2019 | 27 | ORDER/REFERRAL to ADR Procedure No 3 by Judge Consuelo B. Marshall. Case ordered to a private mediator based upon a stipulation of the parties or by the court order. (shb) (Entered: 03/06/2019) |
| 03/08/2019 | 28 | MEMORANDUM in Support *Plaintiff's Motion for Summary Judgment* filed by Plaintiff Richard N. Bell. (Attachments: # 1 Declaration Declaration of Plaintiff, # 2 Exhibit B, Copyrighted Photo, # 3 Exhibit C, Sales Records, # 4 Exhibit D, Certificate of Copyright Registration, # 5 Exhibit E, Screen Shot showing Defendant Infringement, # 6 Exhibit F, Index of images from Internet Archive, # 7 Exhibit G, Plaintiff notified Defendant of unauthorized use, # 8 Exhibit H, March 8, 2019 Screen shot showing photo on Defendant's website, # 9 Exhibit I, Internet Archive capture from 9/7/13, # 10 Declaration Declaration of R. Hamilton, Esq.)(Hamilton, Ryan) (Entered: 03/08/2019) |
| 03/08/2019 | 29 | NOTICE OF MOTION AND MOTION for Summary Judgment as to Liability filed by Plaintiff Richard N. Bell. Motion set for hearing on 4/9/2019 at 10:00 AM before Judge Consuelo B. Marshall. (Attachments: # 1 Declaration Declaration of Plaintiff, # 2 Exhibit B, Copyrighted Photo, # 3 Exhibit C, Sales Records, # 4 Exhibit D, Certificate of Copyright Registration, # 5 Exhibit E, Screen Shot showing Defendant Infringement, # 6 Exhibit F, Index of images from Internet Archive, # 7 Exhibit G, Plaintiff notified Defendant of unauthorized use, # 8 Exhibit H, March 8, 2019 Screen shot showing photo on Defendant's website, # 9 Exhibit I, Internet Archive capture from 9/7/13, # 10 Declaration Declaration of R. Hamilton, Esq.) (Hamilton, Ryan) (Entered: 03/08/2019) |

| 03/08/2019 | 30 | STATEMENT of Plaintiff's Statement of Uncontroverted Facts and Conclusions of Law NOTICE OF MOTION AND MOTION for Summary Judgment as to Liability 29 filed by Plaintiff Richard N. Bell. (Hamilton, Ryan) (Entered: 03/08/2019) |
|---|---|---|
| 03/11/2019 | 31 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Statement (Motion related) 30 . The following error(s) was/were found: Incorrect event selected. Correct event to be used is: Civil Events – select – Other Filings – select – Notices – select – Notice of Lodging and Attach the Statement of Uncontroverted Facts and Conclusions of Law. Other error(s) with document(s): This document should be lodged and not e–filed.. In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so. (shb) (Entered: 03/11/2019) |
| 03/12/2019 | 32 | STIPULATION to Amend Answer to Complaint (Attorney Civil Case Opening) 15 , Complaint (Attorney Civil Case Opening), 1 filed by defendant Wilmott Storage Services, LLC. (Attachments: # 1 Exhibit First Amended Answer to Complaint, # 2 Proposed Order)(Supnik, Paul) (Entered: 03/12/2019) |
| 03/12/2019 | 33 | MINUTES OF HEARING RE PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT TOJOIN ADDITIONAL DEFENDANT 19 20 before Judge Consuelo B. Marshall: The case is called no appearance is needed per the Court. The Court calls the matter and on the record the Court hereby GRANTS Plaintiff's motion to amend complaint and deems the plaintiff's first amended complaint filed as of today. Court Reporter: Lisa Gonzalez. (shb) (Entered: 03/13/2019) |
| 03/12/2019 | 34 | FIRST AMENDED COMPLAINT against Defendant Does, Roe Corporations, Wilmott Storage Services, LLC amending Complaint (Attorney Civil Case Opening), 1 , filed by Plaintiff Richard N. Bell(shb) (Entered: 03/13/2019) |
| 03/14/2019 | 35 | ORDER by Judge Consuelo B. Marshall, GRANTING Stipulation of Defendant Wilmott Storage Services LLC to File a First Amended Answer, 32 (shb) (Entered: 03/14/2019) |
| 03/15/2019 | 36 | ANSWER to Complaint (Attorney Civil Case Opening), 1 *FIRST AMENDED* filed by Defendant Wilmott Storage Services, LLC.(Supnik, Paul) (Entered: 03/15/2019) |
| 03/18/2019 | 37 | MEMORANDUM in Opposition to NOTICE OF MOTION AND MOTION for Summary Judgment as to Liability 29 filed by Defendant Wilmott Storage Services, LLC. (Attachments: # 1 Declaration of Jeffrey J. Goeson, # 2 Declaration of Jonathan Tullo, # 3 Declaration of Paul D. Supnik)(Supnik, Paul) (Entered: 03/18/2019) |
| 03/18/2019 | 38 | STATEMENT of Genuine Disputes NOTICE OF MOTION AND MOTION for Summary Judgment as to Liability 29 filed by Defendant Wilmott Storage Services, LLC. (Supnik, Paul) (Entered: 03/18/2019) |
| 03/19/2019 | 39 | [Proposed] ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT re NOTICE OF MOTION AND MOTION for Summary Judgment as to Liability 29 filed by Defendant Wilmott Storage Services, LLC. (Supnik, Paul) (Entered: 03/19/2019) |
| 03/25/2019 | 40 | REPLY in support of motion for summary judgment NOTICE OF MOTION AND MOTION for Summary Judgment as to Liability 29 filed by Plaintiff Richard N. Bell. (Hamilton, Ryan) (Entered: 03/25/2019) |
| 03/27/2019 | 41 | MINUTE IN CHAMBERS NOTICE TO ALL PARTIES OF COURT ORDER by Judge Consuelo B. Marshall: On the Courts own motion, the plaintiffs motion for summary judgment 29 , currently scheduled for April 9, 2019, is hereby ordered continued to MAY 28, 2019 at 10:00 a.m. (shb) (Entered: 03/28/2019) |
| 04/26/2019 | 42 | NOTICE OF MOTION AND MOTION for Summary Judgment as to lack of copyright infringement, fair use and statute of limitations filed by defendant Wilmott Storage Services, LLC. Motion set for hearing on 5/28/2019 at 10:00 AM before Judge Consuelo B. Marshall. (Attachments: # 1 Memorandum of Points and Authorities, # 2 Declaration of Jeffrey L. Goeson, # 3 Declaration of Jonathan Tullo, # 4 Declaration of Paul D. Supnik) (Supnik, Paul) (Entered: 04/26/2019) |

| 04/26/2019 | 43 | DECLARATION of WILMOTT STORAGE SERVICES, LLC in support of NOTICE OF MOTION AND MOTION for Summary Judgment as to lack of copyright infringement, fair use and statute of limitations 42 filed by Defendant Wilmott Storage Services, LLC. (Attachments: # 1 Declaration of Jeffrey J. Goeson, # 2 Declaration of Jonathan Tullo, # 3 Declaration of Paul D. Supnik)(Supnik, Paul) (Entered: 04/26/2019) |
|---|---|---|
| 04/26/2019 | 44 | REQUEST FOR JUDICIAL NOTICE re NOTICE OF MOTION AND MOTION for Summary Judgment as to lack of copyright infringement, fair use and statute of limitations 42 filed by Defendant Wilmott Storage Services, LLC. (Attachments: # 1 Exhibit of pages of complaint, # 2 Exhibit of search results of court dockets)(Supnik, Paul) (Entered: 04/26/2019) |
| 04/26/2019 | 45 | NOTICE OF LODGING filed re Request for Judicial Notice, 44 , Declaration (Motion related), 43 , NOTICE OF MOTION AND MOTION for Summary Judgment as to lack of copyright infringement, fair use and statute of limitations 42 (Attachments: # 1 Memorandum Statement of Uncontroverted Facts and Conclusions of Law, # 2 Proposed Order Proposed Judgment)(Supnik, Paul) (Entered: 04/26/2019) |
| 04/26/2019 | 46 | NOTICE OF ERRATA filed by Defendant Wilmott Storage Services, LLC. correcting Declaration (Motion related), 43 , NOTICE OF MOTION AND MOTION for Summary Judgment as to lack of copyright infringement, fair use and statute of limitations 42 (Supnik, Paul) (Entered: 04/26/2019) |
| 05/07/2019 | 47 | MEMORANDUM in Opposition to NOTICE OF MOTION AND MOTION for Summary Judgment as to lack of copyright infringement, fair use and statute of limitations 42 filed by Plaintiff Richard N. Bell. (Hamilton, Ryan) (Entered: 05/07/2019) |
| 05/07/2019 | 48 | STATEMENT of Statement of Genuine Disputes in Opposition to Defendant's Cross–Motion for Summary Judgment NOTICE OF MOTION AND MOTION for Summary Judgment as to lack of copyright infringement, fair use and statute of limitations 42 filed by Plaintiff Richard N. Bell. (Hamilton, Ryan) (Entered: 05/07/2019) |
| 05/14/2019 | 49 | REPLY support NOTICE OF MOTION AND MOTION for Summary Judgment as to lack of copyright infringement, fair use and statute of limitations 42 filed by Defendant Wilmott Storage Services, LLC. (Attachments: # 1 Declaration Supplemental Declaration of Paul D. Supnik)(Supnik, Paul) (Entered: 05/14/2019) |
| 05/23/2019 | 50 | NOTICE of Decision: reversal of cited decision filed by defendant Wilmott Storage Services, LLC. (Supnik, Paul) (Entered: 05/23/2019) |
| 05/24/2019 | 51 | NOTICE Supplemental Authority filed by Plaintiff Richard N. Bell. (Hamilton, Ryan) (Entered: 05/24/2019) |
| 05/28/2019 | 52 | MINUTES OF HEARING RE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT 29 ANDDEFENDANT'S MOTION & CROSS MOTION FOR SUMMARY JUDGMENT 42 held before Judge Consuelo B. Marshall: The case is called and counsel state their appearance. The Court and counsel confer regarding the status of the case. Following discussions with the parties, the Court advises counsel that the motions are taken under submission and a written order will issue. Court Reporter: Laura Elias. (shb) (Entered: 05/31/2019) |
| 06/10/2019 | 53 | STIPULATION to Continue date to hold settlement conference from June 15, 2019 to 30 days following decision on cross motions for summary judgment Re: NOTICE OF MOTION AND MOTION for Summary Judgment as to Liability 29 , Scheduling Conference – optional html form,,,, Set/Reset Deadlines/Hearings,,, 25 , NOTICE OF MOTION AND MOTION for Summary Judgment as to lack of copyright infringement, fair use and statute of limitations 42 filed by defendant Wilmott Storage Services, LLC. (Attachments: # 1 Proposed Order)(Supnik, Paul) (Entered: 06/10/2019) |
| 06/13/2019 | 54 | ORDER ON STIPULATION TO EXTEND DATE FOR SETTLEMENT CONFERENCE 53 by Judge Consuelo B. Marshall. IT IS ORDERED that the last date for conducting a settlement conference is suspended for 30 days following the filing of an order granting or denying the parties cross motions for summary judgment heard on May 28, 2019. (shb) (Entered: 06/13/2019) |

| 07/01/2019 | 55 | ORDER RE: CROSS–MOTIONS FOR SUMMARY JUDGMENT [DKT. NOS. 29, 42] by Judge Consuelo B. Marshall: The Court GRANTS Wilmotts motion for summary judgment on its de minimis use defense. The Court DENIES Plaintiffs motion for summary judgment on Wilmotts liability because Wilmotts infringement is not actionable. (shb) (Entered: 07/02/2019) |
|---|---|---|
| 07/16/2019 | 56 | NOTICE OF MOTION AND MOTION for Attorney Fees filed by defendant Wilmott Storage Services, LLC. Motion set for hearing on 8/13/2019 at 10:00 AM before Judge Consuelo B. Marshall. (Attachments: # 1 Memorandum, # 2 Declaration of Paul D. Supnik, # 3 Exhibit A to Supnik declaration, # 4 Exhibit B to Supnik declaration, # 5 Exhibit C to Supnik declaration, # 6 Exhibit D to Supnik declaration, # 7 Proposed Order) (Supnik, Paul) (Entered: 07/16/2019) |
| 07/22/2019 | 57 | STIPULATION to Dismiss Defendant IAdvantage, LLC filed by Plaintiff Richard N. Bell. (Attachments: # 1 Proposed Order)(Hamilton, Ryan) (Entered: 07/22/2019) |
| 07/22/2019 | 58 | STIPULATION to Continue Defendant's Motion for Attorney's Fees from August 13, 2019 to August 20, 2019 Re: NOTICE OF MOTION AND MOTION for Attorney Fees 56 filed by Plaintiff Richard N. Bell. (Attachments: # 1 Proposed Order)(Hamilton, Ryan) (Entered: 07/22/2019) |
| 07/22/2019 | 59 | ORDER GRANTING STIPULATION TO DISMISS DEFENDANT IADVANTAGE, LLC, AND TO RELIEVE PARTIES OF REQUIREMENT TO ENGAGE IN SETTLEMENT CONFERENCE 57 by Judge Consuelo B. Marshall. IT IS ORDERED that the parties are not required to participate in a settlement conference at this time., IAdvantage, LLC terminated. (shb) (Entered: 07/22/2019) |
| 07/30/2019 | 60 | NOTICE OF APPEAL to the 9th Circuit Court of Appeals filed by Plaintiff Richard N. Bell. Appeal of Order on Motion for Summary Judgment,,, 55 . (Appeal Fee – $505 Fee Paid, Receipt No. 0973–24173528.) (Hamilton, Ryan) (Entered: 07/30/2019) |
| 07/30/2019 | 61 | REPRESENTATION STATEMENT re Notice of Appeal to 9th Circuit Court of Appeals 60 . (Hamilton, Ryan) (Entered: 07/30/2019) |
| 07/30/2019 | 62 | MEMORANDUM in Opposition to NOTICE OF MOTION AND MOTION for Attorney Fees 56 filed by Plaintiff Richard N. Bell. (Hamilton, Ryan) (Entered: 07/30/2019) |
| 07/31/2019 | 64 | NOTIFICATION from Ninth Circuit Court of Appeals of case number assigned and briefing schedule. Appeal Docket No. 19–55882 assigned to Notice of Appeal to 9th Circuit Court of Appeals 60 as to Plaintiff Richard N. Bell. (shb) (Entered: 08/01/2019) |
| 08/01/2019 | 63 | REPLY in support of motion NOTICE OF MOTION AND MOTION for Attorney Fees 56 filed by Defendant Wilmott Storage Services, LLC. (Supnik, Paul) (Entered: 08/01/2019) |
| 08/06/2019 | 65 | MINUTE IN CHAMBERS– ORDER RE: STIPULATION TO CONTINUE HEARING ON DEFENDANTS MOTION FOR ATTORNEYS FEES, 58 by Judge Consuelo B. Marshall: The matter before the Court is the parties Stipulation to Continue Hearing on Defendants Motion for Attorneys Fees. (Dkt. No. 58.) The matter is fully briefed. Pursuant to the stipulation, the hearing on Defendants Motion for Attorneys Fees is continued to September 11, 2019 at 10:00 a.m. (shb) (Entered: 08/06/2019) |
| 08/08/2019 | 66 | IN CHAMBERS–ORDER AND NOTICE TO ALL PARTIES by Judge Consuelo B. Marshall: The Court finds that the Pretrial Conference currently scheduled for hearing on October 22, 2019 and the Jury Trial date of November 12, 2019 are hereby vacated.No appearances are necessary on those dates. (shb) (Entered: 08/08/2019) |
| 08/29/2019 | 67 | TRANSCRIPT ORDER re: Court of Appeals case number 19–55882, as to Plaintiff Richard N. Bell for Court Reporter. Court will contact Chellsea Tully at chellsea@hamlegal.com with further instructions regarding this order. Transcript preparation will not begin until payment has been satisfied with the court reporter. (Hamilton, Ryan) (Entered: 08/29/2019) |
| 08/29/2019 | 68 | TRANSCRIPT ORDER re: Court of Appeals case number 19–55882, as to Plaintiff Richard N. Bell for Court Reporter. Court will contact Chellsea Tully at |

| | | |
|---|---|---|
| | | chellsea@hamlegal.com with further instructions regarding this order. Transcript preparation will not begin until payment has been satisfied with the court reporter. (Hamilton, Ryan) (Entered: 08/29/2019) |
| 09/10/2019 | 69 | MINUTES IN CHAMBERS–ORDER AND NOTICE TO ALL PARTIES by Judge Consuelo B. Marshall: The Court finds that Defendants Motion for attorneys fees 56 , is appropriate for decision without oral argument. Accordingly, this motion is taken UNDER SUBMISSION and the hearing is vacated. No appearances are necessary on September 11, 2019. A written order will issue. (shb) (Entered: 09/10/2019) |
| 09/11/2019 | 72 | MINUTES by Judge Consuelo B. Marshall: HEARING RE DEFENDANT'S MOTION FOR ATTORNEYS FEES 56 The case is called and counsel state their appearance. The Court and counsel. Following discussions with the parties, the Court denies Defendant's motion for attorneys fees 56 . A written order will issue. IT IS SO ORDERED. (yl) (Entered: 09/18/2019) |
| 09/11/2019 | 73 | AMENDED MINUTES: HEARING RE DEFENDANT'S MOTION FOR ATTORNEYS FEES 56 held before Judge Consuelo B. Marshall. The case is called and no counsel appearance is needed, as previously ordered on September 10, 2019. The Court denies Defendant's motion for attorneys fees. 56 . A written order will issue. IT IS SO ORDERED. (yl) (Entered: 09/24/2019) |
| 09/12/2019 | 70 | ORDER RE: DEFENDANT WILMOTT STORAGE SERVICES, LLCS MOTION FOR ATTORNEYS FEES, 56 by Judge Consuelo B. Marshall: The Court DENIES Defendants Motion for Attorneys Fees. (shb) (Entered: 09/13/2019) |
| 09/12/2019 | 71 | JUDGMENT by Judge Consuelo B. Marshall. Consistent with the Order re Cross–Motions for Summary Judgment (Dkt. No. 55), judgment is hereby entered in favor of Defendant Wilmott Storage Services, LLC, and against Plaintiff Richard N. Bell. (MD JS–6, Case Terminated). (yl) (Entered: 09/16/2019) |
| 10/02/2019 | 74 | TRANSCRIPT for proceedings held on 2/19/19. Court Reporter/Electronic Court Recorder: Miriam Baird, phone number mvb11893@aol.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 10/23/2019. Redacted Transcript Deadline set for 11/4/2019. Release of Transcript Restriction set for 12/31/2019. (Baird, Miriam) (Entered: 10/02/2019) |
| 10/02/2019 | 75 | NOTICE OF FILING TRANSCRIPT filed for proceedings 2/19/19 re Transcript 74 THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (Baird, Miriam) TEXT ONLY ENTRY (Entered: 10/02/2019) |
| 10/07/2019 | 76 | NOTICE OF APPEAL to the 9th Circuit Court of Appeals filed by defendant Wilmott Storage Services, LLC. Appeal of Amended Minutes, 73 , Order on Motion for Attorney Fees 70 . (Appeal Fee – $505 Fee Paid, Receipt No. 0973–24562310.) (Supnik, Paul) (Entered: 10/07/2019) |
| 10/07/2019 | 77 | REPRESENTATION STATEMENT re Notice of Appeal to 9th Circuit Court of Appeals, 76 . (Supnik, Paul) (Entered: 10/07/2019) |
| 10/08/2019 | 78 | NOTIFICATION from Ninth Circuit Court of Appeals of case number assigned and briefing schedule. Appeal Docket No. 19–56181 assigned to Notice of Appeal to 9th Circuit Court of Appeals, 76 as to defendant Wilmott Storage Services, LLC. (lom) (Entered: 10/10/2019) |
| 11/04/2019 | 79 | NOTICE Form G–126 filed by defendant Wilmott Storage Services, LLC. *indicating intent not to designate any portion of the transcript* (Supnik, Paul) (Entered: 11/04/2019) |

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing EXCERPTS OF

RECORD: VOLUME II with the Clerk of the Court for the United States Court of

Appeals for the Ninth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by

the appellate CM/ECF system.

Date: December 9, 2019        Respectfully submitted,

*/s/ Gregory Keenan*
Gregory Keenan
DIGITAL JUSTICE FOUNDATION
81 Stewart Street
Floral Park, NY 11001
(516) 633-2633
gregory@digitaljusticefoundation.org

*Attorney for Appellant Richard Bell*